By the Court. Oakley, Ch. J.
There is evidently nothing in the points of law presented by the defendant. The only question in the case relates to the damages.
We are certainly inclined to think the damages given were too great. There was nothing to show an aggravated case *21 against the driver; and there was evidence on both sides as to the point whether the driver was guilty of negligence, or whether the occurrence was owing to the plaintiff’s own carelessness.
We are satisfied that the verdict ought to have been considerably less; and the amount is so much more than it should have been, as to indicate either passion or prejudice on the part of the jury. It is a Case, therefore, where we feel compelled to interfere with the verdict, and to set it aside as excessive, unless some other remedy may be adopted.
Then what is proper to be done ? We have considered it, and find no objection in principle to reducing the verdict to an amount, such as if the jury had found it as the damages, we would not interfere with their conclusion. That is in effect, for the court to say to the plaintiff, if you will enter a remittitur so as to reduce the verdict to such a sum as we think would not have been unreasonable if it had been found by the jury, we will not set it aside. This practice is very common in actions upon contract, where the party has recovered more than he is entitled to.
The only doubt is whether in actions of tort the court can adopt the same practice. We see no objection to it in principle, and it will often relieve the parties from the expense and delay of a new trial.
We find that this has been done in an action of trover in the courts of South Carolina. (Guerry v. Kerton, 2 Rich. R. 507; and see Young v. Englehard, 1 Howard’s Miss. R. 19.)
That the court has entire control of the matter, is shown by the case of Boyd v. Brown, 17 Pick. 453, which was a similar case, the action being trespass. There the court, finding that excessive damages had been given, ordered a new trial for the assessment of the damages only, and not permitting either party to go into any question as to the right to recover. The decision shows, we think, that the court may give the plaintiff the option to reduce his verdict to an amount which the court would not have deemed unreasonable or excessive.
We shall therefore make an order which will give that option to the plaintiff, and that the amount should be fixed at five *22 hundred dollars. The verdict is to be set aside on payment of costs, unless the plaintiff, within ten days, will stipulate to reduce it to this sum, in which case the motion for a new trial is denied.(a)

 The plaintiff stipulated accordingly, and there was no new trial.