Potter *v.* Thompson.

22  87
121a 467
22b 87
23ap213

POTTER *vs.* THOMPSON and wife.

In an action for slander, the time of the uttering of the slander as alleged in the complaint may be departed from, in evidence. A variance between the complaint and proof, in that respect, is wholly immaterial.

Where, in an action against husband and wife, for slander uttered by the wife, in charging the plaintiff with theft, the evidence did not show that the wife was influenced by a desire to do the plaintiff an injury; and she manifestly entertained no actual ill will or unkind feelings towards him, and merely expressed her own convictions; circumstances were proved which were calculated to excite suspicions of the plaintiff; and it was proved that the plaintiff himself had said, in view of the circumstances, that he did not blame her, and he acknowledged her kindness in first speaking to him on the subject; *it was held* that this was a case for moderate damages; and the jury having found a verdict in favor of the plaintiff, for $600, a new trial was ordered, unless the plaintiff would stipulate to reduce the amount to $200.

MOTION by the defendants for a new trial, upon a case. The action was against husband and wife, for slander uttered by the wife. The complaint alleged that some time about the month of September, 1853, at &c., a watch was stolen from the premises of the defendant Lovel Thomson; that Maria Thompson, the wife of the said Lovel, did, " on or about the month of November, 1853," utter the words specified, intending to convey the idea that the plaintiff had been guilty of larceny, in

stealing the said watch. The second count alleged the uttering of other words " sometime during the month of December or thereabouts in the said year 1853." The answer admitted that a watch was stolen from the defendant Lovel Thompson in September, 1853 ; that the defendant Maria Thompson, in speaking of and concerning the plaintiff, and the stealing of the said watch, uttered a portion of the words mentioned in the complaint, and alleged that they were true, and were not spoken maliciously, or with a view to injure the plaintiff. On the trial the speaking of a part of the words was proved. A witness being questioned as to a conversation between her and the defendant Maria Thompson, which occurred in June, 1854, the defendant's counsel objected to the testimony, on the ground that none of the words mentioned in the complaint were alleged to have been spoken subsequently to the year 1853, and that consequently words spoken after that year could not be given in evidence. The court overruled the objection, and received the evidence. Wilson Devine testified as follows : " I reside in the town of Venice. I know these parties. I live from three to four miles from Thompson's, and about seven or eight miles from Potter's. Mr. Potter came to my house the latter part of last summer to inquire about this matter : he came to my house and wanted to know if my wife recollected what conversation took place between her and her sister some time before. She stated it over and he said it was correct, and then said Thompson's folks won't find the watch now, as their suspicions are so strong of me that they won't think of looking any where else for it ; do not know as he inquired what we had heard from Thompson's folks." The other material facts proved appear in the opinion of the court. The court charged and instructed the jury as follows : That if they should find from the evidence that any of the actionable words laid in the complaint had been proved, the charge was slanderous, and the plaintiff had made out a cause of action and was entitled to their verdict. That when actionable words were proved the law presumed a degree of malice sufficient to sustain the action. That it was a question wholly for the jury to say what amount of damages the plaintiff had

Potter v. Thompson.

sustained, and how much he had been injured by the speaking of the slanderous words, if they should find they had been spoken. That it was not a case where the jury would be likely to feel called upon to give much beyond actual damages by way of punishment to the defendants. The counsel for the defendants requested the court to charge the jury that unless they should find from the evidence that the words charged were uttered by Mrs. Thompson, on or before the time in that respect laid in the complaint, then the plaintiff could not recover, which said court refused to do, and to that refusal the counsel for the defendants excepted. The jury rendered a verdict in favor of the plaintiff for the sum of $600.

*N. T. Stephens*, for the plaintiffs.

*Wright & Pomeroy*, for the defendants.

*By the Court*, T. R. STRONG, J. There is abundant evidence of the speaking, by the defendant, of a portion of the words as laid in the complaint, and under such circumstances, and in such connection, as thereby to impute, and to convey to the minds of the hearers, that the plaintiff had committed the crime of larceny. It was objected at the trial, and that objection is urged here, that this evidence does not sustain the complaint, inasmuch as it relates to periods several months subsequent to the times of speaking the words stated in the complaint; but there is no force in the objection. The time of the uttering of the slander as alleged in the complaint, might be departed from in evidence, and a variance between the complaint and proof, in that respect, is wholly immaterial. A cause of action was therefore established entitling the plaintiff to damages.

But the amount of damages allowed by the jury is, I think, greatly beyond what the case warranted, and so excessive as to evince that the excitement of the trial, or some other cause, has misled the jury and prevented them from being governed in regard to the damages by their deliberate judgment. The slander was uttered by a married woman, whose husband is sued with her, and he must share with his wife the consequences of the

slander, which should impose a narrower limit to the measure of damages so far as they are exemplary; the evidence does not show that the wife was influenced in speaking of the plaintiff by a desire to do him an injury; she manifestly entertained no actual ill will or unkind feelings towards him; what she stated was the simple expression of her own convictions; circumstances were proved which were calculated to excite suspicions of the plaintiff; and it was proved that the plaintiff himself, on one occasion, in view of the circumstances, stated that he did not blame her, and acknowledged her kindness in first speaking to him on the subject. In addition, the declarations of the plaintiff in regard to the mode in which he obtained a watch in New York; his consultation with the "spirits;" his remark that he did not blame persons for thinking he had committed the theft; and the testimony of the witness Devine; and other circumstances, all go to mark this case as one for moderate damages; and so it appears to have been regarded by the learned justice at the trial, as is evident from the remark made by him in his charge, " that it was not a case where the jury would be likely to feel called upon to give much beyond actual damages by way of punishment to the defendants."

It is only in special and rare cases that the court will grant a new trial in an action for slander because the damages allowed are excessive; where the amount is so large as to be clearly and grossly unjust, and to make it apparent that it is the result of excitement and passion or some other influence than that of the law and the evidence. I am forced to the conclusion that this is such a case; that the verdict is for more than three times what it should have been, and that it is the duty of the court to set aside the verdict and allow a new trial, unless the plaintiff will reduce the verdict as hereinafter stated. (*Clapp* v. *Hudson River Rail Road Company*, 19 *Barb.* 461.)

A retrial is granted, on payment of costs, unless the plaintiff within twenty days stipulates to reduce the amount of the verdict to $200, in which case the motion for a new trial is denied.

[CAYUGA GENERAL TERM, June 2, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]