EBENEZER HOLMES, Respondent, *v.* GEORGE JONES, Treasurer, etc., Appellant.

Statements, admissions and allegations in pleadings are always in evidence for all the purposes of the trial; they are before the court and jury, and may be used for any legitimate purpose.

Upon the trial of an action for libel, in summing up plaintiff's counsel read to the jury certain paragraphs from the answer. This was objected to by defendant's counsel on the ground that the answer had not been read in evidence; the objection was overruled. *Held*, no error.

The defendant in his answer justified the language charged as libellous; the court instructed the jury in substance that if defendant failed to establish the justification, and if they found it was set up in bad faith they could take that into consideration in estimating the damages. *Held*, no error; that if the jury concluded from the circumstances and nature of the charge made that the publication was malicious, in bad faith, or recklessly, carelessly or wantonly made, they could go beyond compensation and award punitive damages.

In such an action, and, *it seems*, in all actions of tort, the General Term, on appeal to it from a judgment entered on a verdict, where it deems the

verdict excessive and the judgment is in other respects free from error, has the right to make an order reversing the judgment unless plaintiff stipulate to reduce the verdict to an amount specified, and in case the stipulation is given to affirm the judgment as modified.

One charge in the alleged libel was that a bill for certain services rendered by plaintiff was unjust. *Held,* that the charge was libellous *per se.*

This charge was set forth separately in the complaint, and alleged therein to be libellous in itself, apart from any other portion of the alleged libellous publication. Defendant justified. Upon the trial plaintiff gave no evidence of the value of his services, which were not matters of common or general knowledge, but proved what he did. Defendant gave evidence by several expert witnesses, positively showing that plaintiff's bill was exorbitant and unjust. Defendant's counsel objected to the submission of this portion of the case to the jury; the objection was overruled. *Held,* error; that this charge having been fully justified, defendant had the right to have it so determined and its consideration withdrawn from the jury.

*Holmes* v. *Jones* (50 Hun, 345), reversed.

(Argued May 6, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 8, 1888, which modified and affirmed as modified a judgment in favor of plaintiff entered upon a verdict.

This was an action of libel brought against the New York Times by the plaintiff, who was engaged in the business of an undertaker and embalmer, at Saratoga Springs.

Plaintiff was employed in his business about the body of General Grant, at Mount McGregor, in July, 1885, and subsequently, in the fall of 1886, rendered a bill of $500 for his services to the family of the deceased; the bill not having been paid the same was voluntarily paid by the proprietors of the New York Sun. The alleged libel concerned the presentation and payment of the bill, and was published on the 22d day of November, 1886.

In separate paragraphs in the complaint the following language was complained of as libellous: (1) "No consultation was had with General Grant's family to determine as to the justice of the demand, although such consultation could easily have been had and the injustice of the claim have been made

manifest." (2) " That the editor of the Sun saw fit to pay a claim that the family of the deceased pronounced blackmailing in color, and in no way meritorious, is a matter in which the public has no concern; but the editor cannot plead that he was unaware of the facts of the case, as Prof. Sullivan and myself notified him, and publication of our letters was refused." (3) " It has been stated that Mr. Holmes was not in a fit condition to perform professional duties for a part of the time during which he claims to have been rendering services." " The night that I arrived at Mount McGregor Mr. Holmes was under the influence of liquor at the hotel; his condition was patent to all who saw him." (4) " He was there at six o'clock in the evening, and Mr. Holmes had nothing to do with it while he was there. Mr. Holmes was drunk at the hotel that evening and was going to and coming from the bar all the time. This was before the body was placed in the casket. Anxiety was felt lest he should insist upon going to the cottage and create an unseemly scandal there by his condition and appearance."

The defendant in his answer justified all the language complained of as libellous, and set up matter in mitigation.

The action was brought to trial and resulted in a verdict of $5,000.

The defendant made a motion for a new trial on the minutes of the trial judge, which was denied, and then he appealed to the General Term from the order denying his motion and from the judgment entered upon the verdict. The General Term reversed the judgment and granted a new trial, unless the plaintiff stipulated to reduce the verdict to $2,000. The plaintiff gave such stipulation, and the judgment was reduced and affirmed as reduced.

Further facts are stated in the opinion.

*B. F. Einstein* for appellant. The General Term did not have power to reduce the verdict. If the verdict was excessive, as the court held it was, the only course the General Term had was to reverse the judgment and order a new trial.

(*Cassin* v. *Delaney*, 38 N. Y. 181; *Whitehead* v. *Kennedy*, 69 id. 462; *Kennon* v. *Gilmor*, 131 U. S. 22.) The court below erred in leaving to the jury to determine whether the justification was set up in the answer in good or bad faith. (*Klinck* v. *Colby*, 46 N. Y. 427.) The court erred in refusing to charge that there can be no recovery on the charge in the complaint that " no consultation was had with Gen. Grant's family to determine as to the justice of the demand, although such consultation could easily have been had and the injustice of the claim been made manifest," because it is not libellous *per se*. (Townshend on Slander, § 194; *Garr* v. *Selden*, 6 Barb. 416; *Gunning* v. *Appleton*, 58 How. Pr. 471.) If the first allegation of libel, that is, that the claim was unjust, is not libellous, or the second allegation is not libellous, or if either of the allegations is justified, the judgment cannot be sustained. (Graham's Practice, 322, 323; *Stephenson* v. *Hall*, 14 Barb. 222; *Pollett* v. *Long*, 56 N. Y. 200; *Cheetham* v. *Tillotson*, 5 Johns. 430; *Van Vechten* v. *Hopkins*, 5 id. 220.) The court erred in refusing to charge the jury " that if defendants were not actuated by express malice, and if they published the articles in question in an honest belief in their truth, justified by the information they had, the jury cannot give punitive or exemplary damages." (*Taylor* v. *Church*, 8 N. Y. 452; *Hamilton* v. *Eno*, 81 id. 116; *Samuels* v. *E. M. Assn.*, 75 id. 604; *Bergmann* v. *Jones*, 94 id. 51; *Eviston* v. *Cramer*, 57 Wis. 570.)

*Matthew Hale* for respondent. The motions to dismiss the complaint were properly denied. (Code Civ. Pro. § 1919; *Westcott* v. *Fargo*, 61 N. Y. 542; *N. Bank* v. *Vanderwerker*, 74 id. 234; *Samuels* v. *E. M. Assn.*, 75 id. 604; 9 Hun, 288, 294; *Van Aernam* v. *Blestein*, 102 N. Y. 355.) The rulings of the court upon defendant's request to charge were correct, and the exceptions thereto are untenable. The first request was properly refused. This request selected a portion of the libellous language complained of, and asked the court to charge that it was not libellous *per se*, which was refused. (Starkie

on Libel, 157; *Sanderson* v. *Caldwell*, 45 N. Y. 398, 402.)
The claim made by defendant that the different extracts from
the complaint constitute separate and independent counts, can-
not be sustained.    (2 Johns. 62; *Rathbun* v. *Emigh*, 6 Wend.
407; *Griffiths* v. *Lewis*, 8 Q. B. 841; *Alfred* v. *Farlow*, Id.
854.)    Actionable language concerning partners, and which
touches them in their partnership business, is a joint and sev-
eral injury, for which both may sue jointly or either may sue
separately.    (Townshend on Slander & Libel, §§ 185, 303;
*Harrison* v. *Bevington*, 8 C. & P. 708; *Fidler* v. *Delavan*,
20 Wend. 57.)    The question of punitive or exemplary dam-
ages was entirely one for the jury.    (*Samuels* v. *E. M. Assn.*,
9 Hun, 295; *Bergmann* v. *Jones*, 94 N. Y. 52; *King* v.
*Root*, 4 Wend. 113, 136; *Hamilton* v. *Eno*, 81 N. Y. 116.)
There was a total failure of proof, and the fact that a charge
was deliberately inserted in the answer, and that no proof
whatever was offered to sustain it, was a circumstance from
which the jury had a right to impute express malice to defend-
ant, and to give exemplary damages therefor.    (*Distin* v.
*Rose*, 69 N. Y. 122; *Cruikshank* v. *Gordon*, 28 N. Y. S. R.
784, 787.)    The ruling of the court to which defendant
excepted was with reference to an objection made by the
defendant to the reading by plaintiff's counsel of a paragraph
of the answer, for the reason that the answer had not been
read in evidence.    In response to this objection the court
remarked: " It is not the evidence but it is a part of the
record, and for the purpose of ascertaining what the issue is,
it may be referred to."    This ruling was clearly right.    (*Tis-
dale* v. *D. & H. C. Co.*, 116 N. Y. 416.)    The appellant's
claim that the General Term should have reversed the judg-
ment and ordered a new trial, is untenable.    (*A. C. Co.* v.
*Mann*, 130 U. S. 69; *Murray* v. *H. R. R. R. Co.*, 48 N. Y.
655; 49 id. 538, 539; *Coppins* v. *N. Y. C. R. R. Co.*, 48
Hun, 292, 302, 303; *Silberstein* v. *H.*, etc., *R. Co.*, 22 N. Y.
S. R. 452, 458; *Potter* v. *Thompson*, 22 Barb. 87; *Clark* v.
*Brown*, 116 Mass. 404; *Diblin* v. *Murphy*, 3 Sandf. 19;
*Lockwood* v. *T. T. S. R. R. Co.*, 28 N. Y. S. R. 16.)

EARL, J.   Several rulings of the trial judge made during the progress of the trial upon questions of evidence are complained of.   Those rulings were clearly correct and need no further notice.

The counsel for the plaintiff, while summing up to the jury, read to them the following paragraph from the answer : " That the plaintiff has been for a long time immediately prior to, and was on November 22, 1886, and has been since, addicted to drinking spirituous and intoxicating liquors, and also to drinking such liquors to excess, and had been on various occasions prior to November 22, 1886, visibly under the influence of such liquors while attending funerals in his capacity as an undertaker in the village of Saratoga Springs, and that all these matters were known to a great number of residents of said village prior to November 22, 1886." To the reading of this the counsel for the defendant objected for the reason that it had not been read in evidence.   The judge overruled the objection, remarking, " it is not the evidence, but it is part of the record, and for the purpose of ascertaining what the issue is it may be referred to."   This matter was set up in the answer in mitigation of damages.   But no evidence whatever was given to prove these allegations.   There is no rule of law which requires a party in any action to put his adversary's pleadings in evidence before his counsel can be allowed to comment upon them in his address to the jury Statements, admissions and allegations in pleadings are always in evidence for all the purposes of the trial of the action. They are made for the purpose of the trial, and are before the court and jury, and may be used for any legitimate purpose.   ( *White* v. *Smith,* 46 N. Y. 418; *Tisdale* v. *D. & H. C. Co.,* 116 N. Y. 416.)

The judge charged the jury, in substance, that if the defendant failed to establish the justification of the libel set up in the answer, they could determine whether it was set up in good or bad faith, and that if they found it was set up in bad faith they could take that into consideration in estimating the damages to be awarded by them ; and in this portion of

his charge there was no error. (*Distin* v. *Rose*, 69 N. Y. 122; *Cruikshank* v. *Gordon*, 118 N. Y. 178.)

So far as the libel was not justified, it was for the jury to determine the amount of the damages to be awarded therefor. If they came to the conclusion from the circumstances and the nature of the charge made, that the publication was malicious, in bad faith, or recklessly, carelessly or wantonly made, they could go beyond compensation and award punitive damages. (*Taylor* v. *Church*, 8 N. Y. 452; *Samuels* v. *Evening Mail Assn.*, 75 id. 604; 9 Hun, 288; *Hamilton* v. *Eno*, 81 N. Y. 116; *Bergmann* v. *Jones*, 94 id. 51.)

If the judgment entered upon the verdict was in other respects right and free from error, the General Term, upon the appeal to it, had the right to make the order reducing the verdict conditionally and affirming the judgment as modified by the stipulation of the plaintiff. (*Potter* v. *Thompson*, 22 Barb. 87; *Diblin* v. *Murphy*, 3 Sandf. 19; *Murray* v. *Hudson River R. R. Co.*, 48 N. Y. 655; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 538; *Whitehead* v. *Kennedy*, 69 id. 462; *A. V. L. & C. Co.* v. *Mann*, 130 U. S. 69; *Kennon* v. *Gilmer*, 131 id. 22.) We see no reason to doubt that such conditional reduction of damages can be made in all actions of tort where the damages rest in the discretion of the jury; and the power of the court at General Term to make such reduction has been so long exercised, and has been so often approved by this court that it is no longer open to question. There certainly can be no distinction founded upon principle or resting in public policy, or expediency, in respect to such power, between actions of libel and actions based upon negligence.

We entertain no doubt that the charge that " no consultation was had with General Grant's family to determine as to the justice of the demand, although such consultation could easily have been had and the injustice of the claim have been made manifest," is libellous *per se*. It imputes to the plaintiff dishonesty, unfair dealing, injustice in his business, and that such an imputation is libellous *per se* has never been doubted. But

the court erred in refusing to instruct the jury that the charge had been fully justified. All the substantial services rendered by the plaintiff were performed upon the twenty-third day of July, the day of General Grant's death. After that he was substantially superseded, and other persons had charge of the remains. The services were thus described by the judge in his charge to the jury: "He (the New York undertaker) came and got there about six o'clock in the evening; he communicated to Mr. Holmes the fact that he had been sent for, and had come, and that the family desired him to act as undertaker. There is not any contention or dispute between the parties that after that party got there, by reason of what they did, by reason of their influence with those who controlled things, they substantially displaced Mr. Holmes. They displaced him to the extent of doing what they thought necessary to preserve the body. They had their way about it, and after that, with the exception of something done on the twenty-fifth, and except to come there from day to day and look at the body, Mr. Holmes had nothing further to do with it. This is conceded by the evidence; there is not any dispute about it." And for these services he rendered a bill of $500, and demanded payment thereof. He gave no evidence whatever of the value of the services. He proved what he did. But the value of such services are not of common or general knowledge, and without some proof the jury were not competent to estimate their value. If upon all the evidence given by him in an action to recover for such services, the jury had given him a verdict of even $300, it would have been the duty of the court to set it aside as unsupported by evidence. But the defendant gave evidence positively showing that the bill was exorbitant and unjust. He called six witnesses engaged in the business of undertaking and embalming, and all qualified as experts, who testified that for all the services rendered by the plaintiff $100 would have been an outside price and a full and just compensation. The plaintiff himself did not even venture an opinion that his services were worth more. It is true that the Federal Government, which assumed the expenses

of General Grant's funeral, paid Prof. Sullivan for his services as embalmer about the body of General Grant the sum of $500. But there was no evidence that his services were worth that sum ; and besides he went from New York, where he resided, to Mount McGregor, and spent several days away from his home and his business, and his services may well have been worth more than the plaintiff's. It also appears that after the plaintiff's bill was paid by the New York Sun, he paid Dr. McEwen, his assistant, $200. There was no proof, however, that his services were worth that sum, and the doctor gave no evidence that they were. After all disbursements the plaintiff had nearly $300 left, which was about three times more than any witness testified all the services were worth. At the General Term the learned judge who wrote the opinion, characterized the bill as follows : " Now, the claim was for $500, and the undisputed evidence was that $100 would have been a fair charge, some of the witnesses saying ' an outside charge.' The plaintiff adduced no evidence to support the particular charge of $500. It is clear upon the evidence that it is an overcharge, unless the fact that General Grant was so distinguished a man justifies a higher charge in his case than in any other involving the same skill and labor. Such a proposition cannot be supported either in law or morals."

Whether the complaint be treated as setting up four causes of action, or but one based upon a single publication containing four libellous charges, is wholly immaterial to the question just considered. The charge that the bill was unjust was a separate charge, separately set forth in the complaint, and alleged therein to be libellous in itself apart from any other language contained in the libellous publication. Unless the defendant could justify that charge, even if he could have justified all the rest of the publication, the plaintiff would have maintained his action and been entitled to recover some damages. Either party had the right to ask the trial judge to decide whether the charge was libellous *per se*, and the charge being fully justified, the defendant had the right to have it so determined and its consideration entirely withdrawn from the

jury. If upon the trial the defendant had not called the attention of the court to this matter, and had taken no exception thereto, he would now have no just ground of complaint. But it is always error for a court against the objection of the defendant to submit to the jury for their consideration any item of plaintiff's claim which is wholly unsupported by evidence.

For this error, therefore, the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.