CATHARINE TOBIN, Respondent, v. JAMES B. SYKES and Another, Appellants.

*Libel — justification not as broad as the charge — exceptions not well taken — evidence properly excluded — amount of verdict.*

On the trial of an action brought to recover damages for an alleged libelous article, referring to the plaintiff as "a miserable drunken brute of a mother," there was no evidence that, prior to the occasion referred to in the article, the plaintiff had been drunk or intoxicated, or that she had been drinking upon the day referred to. One witness testified that she appeared to be intoxicated, but on cross-examination, testified that he had never seen her intoxicated. There was evidence that she was very excited, did not act rationally, had been punishing one of her children, and that the neighbors interfered.

The court instructed the jury that the evidence was not sufficient to justify their finding that the plaintiff was a drunken woman.

*Held,* that the court did not err in holding that no justification was shown as broad as the charge.

The plaintiff's counsel asked the court to charge that if the defendants failed to establish the justification, the jury must determine whether or not it was set up in good faith, and that if it was set up in bad faith they might take that into consideration in determining upon their verdict, to which the court replied . "Yes, that is the ruling of the court, correctly stated," and the defendants' counsel excepted.

*Held,* that such exception was not well taken.

The defendants objected to the plaintiff's counsel reading the answer upon his summing up, on the ground that it had not been offered or received in evidence, and was incompetent and irrelevant and immaterial. The objection was overruled, and an exception was taken by the defendants.

*Held,* that the exception was not well taken

During the summing up, the plaintiff's counsel, under the objection of the defendant, read from the Bible that "No drunkard shall inherit the kingdom of heaven."

*Held,* that there was no ground for reversal on such ruling, as the counsel had a right to comment, in a reasonable manner, upon the character of the charge made in the libel.

Also, that evidence of the condition of the plaintiff sometime after the publication was properly excluded, and that it was competent for the plaintiff to testify to the transaction upon the date specially referred to in the article, and as to the circumstances leading directly to it.

The jury rendered a verdict for the plaintiff of $400.

*Held,* that upon the evidence, there was no sufficient reason for interference therewith by an appellate court.

APPEAL by the defendants, James B. Sykes and Harry B. Sykes, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 15th day of January, 1892, upon the verdict of a jury for $400, after a trial at the Oneida Circuit, with notice of an intention to bring up for review on such appeal an order denying defendant's motion for a new trial made upon the minutes of the court.

The action was brought to recover the damages occasioned to the plaintiff by the publication of an allaged libel by the defendants in a newspaper called the Clinton *Courier.*

The article published did not name the plaintiff, but she claimed that in fact it referred to her. It was as follows: " A miserable, drunken brute of a mother on Utica street sends her children for beer daily, and cruelly beats them. Last evening their cries brought out the neighbors, and one of them threatened to arrest her if the beating was repeated." The defendants in their answer set up a full justification, and also matter in mitigation.

Upon the trial of the action, during the summing up by the plaintiff's attorney, he offered to read to the jury from the answer, to which the defendants' counsel objected on the ground that the answer had not been offered or received in evidence, and was incompetent, and irrelevant and immaterial. The exception was overruled, and an exception was taken by defendants.

Defendants' counsel also objected to plaintiff's counsel reading from the Bible, " No drunkard shall inherit the kingdom of heaven," which objection was also overruled, and an exception was taken to such ruling.

The plaintiff's attorney requested the court to charge that if the defendants failed to establish a justification of the libel set up in

the answer, the jury must determine whether or not it was set up in good faith or bad faith, and if they found that it was set up in bad faith that they could take that into consideration in establishing the damages. The court replied : " Yes, that is the rule, correctly stated," to which the defendants' counsel excepted.

The court also, in effect, charged the jury that they could not find from the evidence that the plaintiff was a drunken woman.

*L. M. Martin* and *D. P. Searle,* for the appellants.

*W. J. Shields* and *Charles R. Carruth,* for the respondent.

MERWIN, J. :

The main question on this appeal is whether the court erred in holding that the evidence was not sufficient to authorize the jury to find that the defendants had established a justification for the use of the word " drunken," in the manner in which it was used in the article published. The plaintiff was not named in the article, but the jury, upon sufficient evidence, found that the article was published concerning her. By the terms of the article, the word " drunken " did not simply refer to the condition of the party on a particular occasion, but was used generally. It substantially charged that the party was habitually drunk. There was no evidence that, prior to the special occasion referred to in the article, the plaintiff had been drunk or intoxicated. Nor was there any evidence that she had been drinking on the day named. One witness testifies that she appeared to be intoxicated, but on his cross-examination he testified he had never seen her intoxicated. There is evidence that she was very excited, did not act rational; she had been punishing one of her children and the neighbors were interfering. We think the court did not err in holding that no justification was shown as broad as the charge.

At the close of the charge the plaintiff's counsel asked the court to charge that if the defendants fail to establish a justification, the jury must determine whether or not it was set up in good faith, and if they find it was set up in bad faith they can take that into consideration in establishing the damages. To this the court replied, " Yes, that is the rule, correctly stated," and the defendants excepted. This exception is not well taken. (*Holmes* v. *Jones,* 121 N. Y. 461.) The case cited also disposes of the exception of the defendants

to the reading from the answer to the jury by plaintiff's counsel in summing up. It does not appear that any improper use was made of the answer. The record also shows as follows : "Defendant objected to plaintiff's counsel reading from the Bible, 'no drunkard shall inherit the kingdom of heaven.' Overruled ; exception." We fail to see any ground for reversal in this ruling. The counsel has a right to comment in a reasonable manner upon the character of the charge made in the libel.

The evidence of the condition of plaintiff sometime after the publication was properly excluded. It was competent for the plaintiff to testify to the transaction upon the date specially referred to in the article and as to the circumstances leading directly to it. Perhaps, strictly speaking, the evidence was not in order at the time it was given, but no objection on this ground was taken. We discover no error in regard to it prejudicial to the defendants.

The defendants claim the damages are excessive. This depends upon the view that is taken of the evidence. The jury apparently took a view favorable to the plaintiff. We have no right to say that that was improper. It was the province of the jury to fix the damages, and upon the evidence, as they had a right to look at it, no sufficient reason is apparent for us to interfere.

These considerations lead to an affirmance of the judgment.

HARDIN, P. J., and PARKER, J., concurred.

Judgment and order affirmed, with costs.