FRANCENIA LANPHER, Respondent, _v._ JACKSON CLARK, Appellant.

_Slander — justification, when insufficiently pleaded — amendment of the answer on the trial — evidence in mitigation of damages — power of an appellate court to modify a verdict — when exercised._

The justification contained in the answer in an action for slander must be as broad as the charge made, and in case the justification is not as broad as the charge, it is not incumbent upon the plaintiff to move to make the answer more definite and certain, but she has the right to object on the trial to the reception of any evidence not authorized by the answer.

A motion, made upon the trial of an action brought to recover damages for slander, for leave to amend the answer in such wise as to make the justification alleged therein in mitigation of damages as broad as the charge, is addressed to the discretion of the court.

In an action of slander only such matters are competent in mitigation of damages as were known to the defendant before and at the time of uttering the slanderous words.

The complaint in an action for slander stated that the slanderous words were uttered as stated therein " in and about the month of July, 1892, the exact dates the plaintiff cannot now more particularly state." Upon the trial evidence was allowed, against the defendant's objection and exception, as to conversations which occurred in May and June of that year.

_Held,_ that the rule made by the trial judge did not transcend the rule of law applicable to such cases.

The General Term of the Supreme Court, upon an appeal from a judgment in favor of the plaintiff in an action brought to recover damages for slander, has the power to reduce the damages awarded by the jury if it entertains the opinion that the award was excessive; but when a verdict is rendered upon conflicting evidence, as to the essential features of the case which entered into the question of damages, both compensatory and punitive, which is not so large as to indicate passion or prejudice, it is not in accordance with the general rules of such court to interfere with such a verdict.

APPEAL by the defendant, Jackson Clark, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 12th day of May, 1893, upon the verdict of a jury rendered after a trial at the Oneida Circuit, with notice of an intention to bring up for review on such appeal the final judgment record, and all proceedings and evidence, objections and exceptions had and taken upon the trial, and also an order made on the 1st day of May, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Sayles, Searle & Sayles,* for the appellant.

*Olney & Wiggins,* for the respondent.

HARDIN, P. J.:

In 1892 the plaintiff was residing at Delta, and was the owner and proprietor of a hotel known as the Hotel Lanpher. Her complaint alleges that the defendant uttered defamatory statements with intent to injure the plaintiff in her reputation and her business. Evidence was given tending to establish the allegations of the complaint, and evidence was given in behalf of the defendant contradicting the evidence offered by the plaintiff in many respects, and a sharp question of fact was presented for the jury to determine what words were uttered by the defendant. Plaintiff's evidence indicated that on sundry occasions he charged the plaintiff with keeping a hotel which was the resort of thieves and murderers; also, that the hotel was "a den of thieves and murderers," and that on one occasion the defendant said, pointing to the plaintiff who was standing in the door of the hotel, "I will have that bitch out of her den before Saturday night; they are a nest of bitches," and on another occasion he said, "there was a pack of thieves down to that hotel; a den of thieves; they run a ranch, and Mrs. Lanpher would murder but she would carry her point; * * * that she belonged to a desperate gang called Ku Klux; * * * the hotel gang of thieves. That damned bitch of a Mrs. Lanpher;" and that on another occasion the defendant said, "he guessed it was the damned thieving gang at the hotel that had thrown him and hurt his arm; they were a pack of thieves." "That the kind of boarders kept at the plaintiff's hotel were those having the bad disease." The defendant's answer denied the allegations of the complaint and alleged: "That the house known as the 'Lanpher House' at Delta is and was kept and run as a disorderly house. That it was the place wherein immoral persons for immoral purposes congregated and where conspiracies were formed to injure this defendant, and it was from said hotel they started to carry out said conspiracies so formed. That said house, hotel and place, as defendant alleges upon information and belief to be, was a place where lewd and immoral people congregated, and that the plaintiff herself is a lewd, unchaste, boisterous, immoral woman, and has con-

ducted and run the hotel in an improper and disorderly manner. That upon the trial of this cause the defendant will give evidence of the facts and circumstances as alleged in the second count of this answer by way of mitigation or justification of the things, allegations and charges made in said plaintiff's complaint." The answer fails to comply with the rules requiring the justification to be as broad as the charge made, and the court committed no error in holding that the answer did not contain allegations sufficient to amount to a justification of the charges contained in the complaint. (*Hathorn* v. *Congress Spring Co.*, 44 Hun, 608; *Steffen* v. *Schaefer*, 39 N. Y. St. Repr. 796; *McKane* v. *Brooklyn Citizen*, 53 Hun, 132.) It was not incumbent upon the plaintiff to move to make the answer more definite and certain; but she had a right to object at the trial to the reception of any evidence not authorized by the answer. (*Orvis* v. *Dana*, 1 Abb. N. C. 286.)

(2) Whether the defendant should, in the midst of the trial, be permitted to amend his answer in the manner and to the extent proposed was a question addressed to the discretion of the court. The case fails to indicate that the discretion was abused. (*Morrison* v. *Agate*, 20 Hun, 25; *Rosenwald* v. *Hammerstein*, 12 Daly, 377; *Avery* v. *Starbuck*, 25 N. Y. St. Repr. 354; S. C. affd., 38 id. 900; *Oregon Steamship Co.* v. *Otis*, 27 Hun, 454.) It may be observed that, among other things, the defendant proposed to amend his answer by inserting " various things which the plaintiff did at the place from which she came," and by alleging specific facts occurring subsequently to the publication of the slander. It is well settled that only such matters are competent in mitigation as were known to the defendant before and at the time of uttering the slanderous words. (*Hatfield* v. *Lasher*, 81 N. Y. 246; *Willover* v. *Hill*, 72 id. 36.)

(3) In the complaint it was alleged that the slanderous words were uttered " in and about the month of July, 1892, the exact dates the plaintiff cannot now more particularly state." Evidence was allowed stating conversations which occurred in May and June of that year, against the defendant's objection and exception. We think the ruling made by the trial judge did not transcend the rule of law applicable in such cases. (*Inman* v. *Foster*, 8 Wend. 602; *Titus* v. *Sumner*, 44 N. Y. 266; *Distin* v. *Rose*, 69 id. 122.)

(4) It is claimed in behalf of the defendant that the damages

awarded by the jury are excessive. Doubtless this court has power to reduce the damages if it entertains the opinion that the award by the jury was excessive. (*Holmes* v. *Jones*, 121 N. Y. 461.) In that case it is said in the opinion that where the justification is not made out, it is for the jury to determine the amount of damages to be awarded, and it is said: " If they came to the conclusion, from the circumstances and the nature of the charge made, that the publication was malicious, in bad faith, or recklessly, carelessly or wantonly made, they could go beyond compensation and award punitive damages." In the case before us, if the jury had believed the tesmony of the defendant, it would have found a verdict of no cause of action ; if it had believed the testimony of the defendant's witnesses, who spoke as to the character of the plaintiff while she was a resident of Exeter and elsewhere, and also had believed that the utterances made by the defendant were not malicious, doubtless a smaller verdict would have been given, if any. It was for the jury, however, to consider the evidence which impeached the character of the plaintiff for truth and veracity, for sobriety and chastity, in connection with the other evidence tending to sustain her character offered in her behalf, and in the light of all the circumstances disclosed to determine the question of damages. With such a great conflict in the evidence upon the essential questions which entered into the question of damages, both compensatory and punitive, before the jury, and a verdict rendered thereon which is not so large as to indicate passion, prejudice or corruption, it is not in accordance with well-established rules of this court to interfere with such a verdict. (*Webber* v. *Vincent*, 29 N. Y. St. Repr. 603.) In that case it was said " the case was a peculiar one. The degree of aggravation depended on the view taken by the jury of the evidence as given before them. No sufficient ground is made apparent for us to interfere." (*Graves* v. *Gilchrist*, 29 N. Y. St. Repr. 638 ; *Holmes* v. *Jones*, *supra ; Hartman* v. *Morning Journal Association*, 46 N. Y. St. Repr. 181; *Scott* v. *Sun Printing & Pub. Association*, 74 Hun, 287.)

Numerous rulings as to admission and rejection of evidence were made upon the trial, and the defendant took several exceptions which have been pressed upon our attention, and consideration has been given to them, and after a careful view of the course of the trial and

the rulings made by the trial judge, it is not believed that the exceptions present prejudicial error.

In *Richardson* v. *Northrup* (56 Barb. 105) the answer contained suitable allegations in mitigation of damages, and an attempt was made to show provocation for the utterance of the words, and it was said that to justify the admission of such evidence it must appear "that the provocation was continued down to and at the time the words were spoken."

The foregoing views lead us to the conclusion that the verdict should stand.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.