HENRIETTA FISK, Respondent, *v.* NEW YORK PRESS COMPANY (LIMITED), Appellant.

*Libel — special damages from loss of employment — it must appear that the publication caused the loss.*

It is erroneous to submit to a jury any item of the claim of a plaintiff which is wholly unsupported by evidence.

Upon the trial of an action to recover damages for the publication of a libel, it appeared that one of the alleged grounds of the recovery was the fact that the plaintiff, who was a teacher in one of the public schools of the city of New York, had been dismissed from her position by the board of education of that city.

The plaintiff proved the fact that she was dismissed immediately after the publication of the first newspaper article alleged in the complaint, but she failed to prove that the article ever came to the knowledge of any member of the board

of education or that its publication contributed in any degree whatever to her dismissal from her position.

*Held,* that as this fact of the plaintiff's dismissal was submitted to the jury as an element of special damage, and as the plaintiff had failed to prove that the publication of the article contributed to her dismissal, the judgment recovered was not authorized by the proof.

APPEAL by the defendant, the New York Press Company (Limited), from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of June, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 2d day of July, 1895, denying the defendant's motion for a new trial made upon the minutes.

*John W. Boothby,* for the appellant.

*Daniel P. Hays,* for the respondent.

PARKER, J. :

The judgment appealed from, awards to the plaintiff $6,000 for damages occasioned to her by the publication of certain articles in a newspaper published by the defendant.

The appellant attacks it on the ground that such award includes some amount for special damages resulting from the dismissal of the plaintiff, who was a teacher in one of the public schools of this city, by the board of education, for which there is no warrant in the evidence.

That the appellant is right in saying that the matter of special damages was before the jury, and in such a way as requires the court to assume that it was considered in making up the amount of the verdict, is quite clear. In the first place the complaint alleges in paragraph 6 as follows : " And plaintiff further shows that since and by reason of the publication first above mentioned and the scandal thence arising, the said board of education of the city of New York has sent her a notice of removal from her said office of principal, and refuses to allow her to continue her duties or collect her salary."

On the trial the plaintiff proved her dismissal by the board of education ; the amount of her salary, which was $1,750 a year, and that she had held such position for many years. During the pro-

gress of the trial the court understood from the complaint and the position taken by the plaintiff's counsel that the case was being tried upon the theory that one element of the plaintiff's damage consisted of her dismissal from the public service because of the publication complained of. This appears not only by the general course of the trial, but also from the statement of the court while ruling upon an objection interposed to a question bearing upon the element of damages. The court said : " The whole special damage that you set out is being dismissed from the public service. That is your case ? "

Now, while the case was tried upon that theory and the rulings of the court upon the admission and rejection of testimony were in all respects correct, the plaintiff failed to prove the basic fact upon which to rest her claim for special damages. She proved that she had been a teacher in the public schools for thirty-five years ; that at the time of her dismissal she was receiving a salary of $1,750 a year, and that she was dismissed from the public service by the board of education immediately after the publication of the first article referred to in the complaint, but she failed to prove that the article ever came to the knowledge of any member of the board of education, or that its publication contributed in any degree whatever towards her dismissal from the service.

It is quite likely that the failure to prove that fact may have been an oversight, but we are not permitted to speculate as to whether it was or not.

Judgments must have evidence to support them, and there is no evidence in this record showing that plaintiff's discharge was occasioned by the publication of the article referred to in the complaint. That the evidence was silent upon this question was probably not in the mind of the judge when he came to submit it to the jury, for he denied defendant's request to charge that "there is no evidence that the publication of the article on April 15, 1892, was the cause directly or indirectly of the plaintiff's discharge from Grammar School No. 71."

Again, after the court had delivered its instructions to the jury, by which they were advised that there could be no recovery because of her dismissal, unless plaintiff had shown that the publication of the libel was the cause of it, defendant's counsel asked the court to charge the jury that there was no such evidence, to which

request the court replied : " I won't charge whether there is evidence or not; it is for the jury to say that."

If there had been evidence from which the inference of fact could have been properly drawn that the plaintiff was discharged because of the publication complained of, then the position taken by the court would have been entirely sound. But it is error to submit to a jury any item of a plaintiff's claim which is wholly unsupported by evidence. (*Holmes* v. *Jones*, 121 .N. Y. 461–470.)

That was done in this case against objection by the defendant, and its exception taken thereto calls for a reversal of the judgment.

The judgment should be reversed, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.