(83 App. Div. 310.)

## RIKER v. CLOPTON.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. SLANDER—PUNITIVE DAMAGES—INCOMPETENT EVIDENCE—WAIVER OF OBJECTION.

　　Where defendant's counsel in a slander case has permitted incompetent evidence of other mistreatment of plaintiff by defendant to be given without objection, except as to one threat, the admission of that item does not necessitate a reversal.

2. SAME—EXCESSIVE VERDICT.

　　Defendant, who had appealed from a decree of divorce granted her husband, met him in the street, coming from plaintiff's apartments, and said: "What are you going to Mrs. R.'s [plaintiff's] for? Mrs. R. is a strumpet, and known to be nothing but a strumpet." Plaintiff and her mother and sister were present. The husband called the sister's attention to defendant's language, when defendant immediately recanted, saying that the sister "knew I would not say anything about her sister." *Held*, that a verdict for $7,000, including punitive damages, was excessive, and the judgment for this amount and costs should be reduced to $1,738.20.

Appeal from Trial Term, New York County.

Action by Minnie T. Riker against Josephine Clopton. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Modified.

82 N.Y.S.—5

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Roger A. Pryor, for appellant.
James W. Osborne, for respondent.

PATTERSON, J. Two causes of action were set forth in the complaint herein—one in slander, and the other in libel. On the trial, as to the latter cause of action, the complaint was dismissed. The jury rendered a verdict on the slander count for $7,000, and from the judgment entered thereon, and an order denying a motion for a new trial, the defendant appeals.

The defamatory words uttered by the defendant are as follows: "What are you going to Mrs. Riker's for? Mrs. Riker is a strumpet, and known to be nothing but a strumpet." They were spoken in the hearing of the plaintiff, her mother, her sister, and one William C. Clopton, to whom the defendant had been married, or with whom she had lived matrimonially, and who had procured a divorce from her in Dakota. The words were addressed to him. It cannot be seriously disputed that the plaintiff was entitled to compensatory damages, but it is claimed that she was not entitled to punitive damages; that there was no evidence of actual malice, unless it be some appearing in the record, which was inadmissible to prove such malice. We are unable to find in the record any exception, either relating to the admission of evidence or to the charge of the trial judge, that raises a question of the right of the plaintiff to recover punitive damages. Incompetent evidence was received on that subject. Witnesses were allowed to testify to acts of molestation and annoyance committed by the defendant against the plaintiff, and it was sought to aggravate the offense of uttering the slanderous words by proof of a malignant feeling towards the plaintiff, and of deliberation and premeditation of the defendant in the use of the words; but counsel for the defendant withdrew his objection to that line of evidence, and declared that he did not dispute, as a general proposition, that evidence might be given of acts of the defendant, even subsequent to the utterance of the slanderous words, although he did insist upon an objection as to one particular threat. In view of the testimony allowed to come in without objection, the error in the admission of this one item of evidence does not call for a reversal of the judgment.

The appellant contends, however, that, even if the case be one in which punitive damages are allowable, the amount of the verdict is grossly excessive, and indicates that in fixing that amount the jury must have been actuated by prejudice or passion. The power of the court to reduce a verdict on the ground of excessiveness in a case in which punitive damages are recoverable is declared in Holmes v. Jones, 121 N. Y. 467, 24 N. E. 701; Fry v. Bennett, 4 Duer, 247; and Crane v. Bennett, 77 App. Div. 102, 79 N. Y. Supp. 66. Upon the whole evidence appearing before us, we cannot but regard the verdict of the jury as grossly exorbitant. A decree of divorce had been obtained by William C. Clopton against the defendant.

She had resisted it, and, at the time the slanderous words were spoken, she had appealed from that decree, and the appeal was then pending. Her suspicions were aroused concerning the relations of Clopton with the plaintiff, and she undoubtedly fancied they were of a meretricious character. Her suspicions were not well founded. There is nothing in this record which impugns the character of the plaintiff. Nevertheless, the defendant, acting impulsively, pursued Clopton, and, finding him in the street, coming from the apartment of the plaintiff, followed by the plaintiff's sister, uttered the words complained of, in the hearing of the four persons above mentioned, and of no one else. They certainly could have no effect as disparaging the plaintiff in the estimation of either Mr. Clopton or of the plaintiff's mother or sister, for it is shown that their relations to her were in no way affected by what the defendant said. In addition to this, it is uncontradicted that immediately the words were uttered, and Clopton called the attention of the plaintiff's sister to them, the defendant repudiated them, and said "she [meaning the plaintiff's sister] knows I would not say anything about her sister." The defendant put her repudiation in the form of a denial that she had used the words. Here was, in substance, a recantation, made immediately the words were used. To inflict the heavy punishment of this verdict upon the defendant, under such circumstances, is grossly unjust, and out of all proportion to the offense committed, although that offense calls for some punishment in addition to damages for compensation.

The judgment and order will be affirmed, without costs in this court, upon the plaintiff stipulating to reduce the judgment as entered to the sum of $1,738.20. If such stipulation is not given, the judgment and order will be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.