(42 Misc. Rep. 260.)

### CARPENTER v. HEWITT.

(Supreme Court, Special Term, Chenango County. December, 1903.)

1. SALE OF REALTY—EXECUTORY CONTRACT—CONSTRUCTION.

An executory contract for the sale of land provided for payment of $400 annually during the life of the vendor, and, if he died within two years after the making of the contract, to pay $800 in four annual payments. *Held*, that the $400 payment was an annuity, and, if the vendor died within two years, payment of $800 by the vendee thereafter in four years was required.

Action by Fannie Etta Carpenter against Henry Hewitt to construe an executory contract for the sale of land. Judgment for defendant.

Wordsworth B. Matterson, for plaintiff.
Howard D. Newton, for defendant Hewitt.
J. J. Bixby, for Harvey A. Truesdell.

FORBES, J. This action is brought to secure the construction of an executory contract for the sale and conveyance of real estate. The facts are stipulated.

On the 26th day of February, 1901, Isaac D. Richmond, now deceased, entered into an executory contract with Fannie Etta Carpenter, the plaintiff, to sell and convey to her his farm of about 200 acres of land, situate in the town of Norwich, in Chenango county. The second clause of said contract reads as follows:

"The party of the second part is to pay the party of the first part the sum of $400, annually on the first day of November in each and every year hereafter, including the year 1901, during the natural life of the party of the first part, and in case the party of the first part shall die within the next two years from the date of this instrument, the party of the second part is to pay $800 for said farm, and is to have four years from the date of this instrument in which to pay the same, in equal annual payments. The party of the second part is also to furnish and deliver to the party of the first part, at his home in the village of Norwich, N. Y., annually, each and every year hereafter, on the first day of November, including the year 1901, during the life of the first party, hay sufficient to keep one horse the year around, and twenty bushels of oats annually."

Then follow clauses which require the plaintiff to keep the buildings in good repair, giving a lien on all the crops raised and the stock on said farm to secure the annual payments so contracted to be made. These provisions are followed by a forfeiture clause, and the right to take possession of said real estate in case the payments provided for are not made. It is conceded that the first payment of $400 was made at or prior to the time it fell due and became payable, on the 1st day of November, 1901, except the sum of $60, which was paid to and accepted by the administrator after the death of the intestate. Isaac D. Richmond died intestate on the 22d day of November, 1901, owning in fee simple said farm. The sum of $400 (being the annual payment to be made under said contract for the years 1902 and 1903) was duly made to and accepted by the defendant as administrator of the deceased. The performance of the provision for the delivery to intestate of the hay and oats mentioned in said contract was also completed for the year 1901, prior to the death of said intestate. From the facts stipulated, under the pleadings of the respective parties, together with the contract entered into as aforesaid, I am constrained to believe that the annual payment of $400 provided for must be regarded as in the nature of an annuity during the life of the defendant's intestate. This amount was to be paid annually, together with the annual delivery of the hay and oats provided for in said contract. A reasonable construction must be given to this provision in view of the circumstances, in harmony with the terms of the contract. The first annual payment of $400 became determined and fixed on the 1st day of November, 1901. That amount, so far as it remained unpaid, became a debt due from the plaintiff to the intestate, which, together with the contract, upon his death belonged to his estate. None of the subsequent annual payments were due at the time of Richmond's death. Therefore the contract must be deemed to have been only so far completed within the lifetime of the intestate. The contract now provides for a new and continuing relation between the parties to this action, fixed by the terms thereof, and so changed in form as to become due in four equal annual pay-

ments of $200, having regard to the date of those payments, which are also fixed by the contract, as from the date of the instrument. The first payment after the intestate's death fell due and became payable on the 26th day of February, 1902. These payments must be construed as the sum of $200 annually. Two of these payments have been made. The other two are also provided for by the terms of the contract, but are now waived by a stipulation entered into between the attorneys for the parties to this action. The pleadings are in evidence, and are to be read as a part of the evidence. Holmes v. Jones, 121 N. Y. 461, 24 N. E. 701. Possession of the intestate's farm was yielded to the plaintiff. The intestate removed therefrom to the village of Norwich. It must be conceded that the parties had in contemplation the event of the intestate's death within the period of two years mentioned in the contract. It is true that the contract might have been an onerous obligation to the plaintiff, had the intestate lived many years; still each party took that hazard. The plaintiff seems to have been benefited by the chance. The parties were strangers in blood to each other. The estate descends to the representatives of the intestate's father. It must not be assumed that the contract provides for a gift to the plaintiff of $400, since no relationship or affinity between the parties thereto has been disclosed.

Judgment is therefore ordered for the defendant, together with costs to the defendant Hewitt, as the administrator of the intestate's estate. John H. Hicks, Esq., of Norwich, N. Y., may be appointed as referee to execute and deliver a deed of said premises to the administrator, pursuant to the terms of said contract, upon the payment to the administrator of the balance found to be due upon said contract at this date. The administrator is hereby authorized to deliver the same to the plaintiff.

Judgment accordingly.