## FOLEY v. YOUNG MEN'S CHRISTIAN ASS'N OF NEW YORK.

(Supreme Court, Appellate Term. November 10, 1904.)

1. NEGLIGENCE—DANGEROUS PREMISES—SERVANTS—SCOPE OF AUTHORITY—IN-
STRUCTIONS—QUESTION FOR JURY.

Plaintiff was injured by falling through a trapdoor in a passageway
on defendant's premises, having been invited there by one W., employed
with defendant's knowledge to assist defendant's janitor, he paying W.
for his services personally. Plaintiff was invited on the premises to re-
move rags from defendant's cellar, and which the janitor had been ac-
customed to sell for his own benefit. The evidence was conflicting as to
whether the sale of the rags was within the duties delegated to W. by
the janitor, and whether the removal of such rags was within the neces-
sary duties of W. during the temporary absence of the janitor. Held,
that the scope of W.'s authority was for the jury, and an instruction
that defendant was liable for an accident occurring to plaintiff, invited
on the premises by an employé, no matter how limited the employés em-
ployment was, was erroneous.

Appeal from City Court of New York, Trial Term.

Action for negligence by Mathew Foley against the Young Men's
Christian Association of New York. From a City Court judgment in
favor of plaintiff, and from an order denying defendant's motion for
a new trial, it appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZ-
GERALD, JJ.

Edward P. Mowton, for appellant.
Benjamin Patterson, for respondent.

BISCHOFF, J. The defendant has been charged with liability for
personal injuries suffered by the plaintiff, a junk dealer, when upon
the defendant's premises, at the invitation of one Walker, the injuries
having been occasioned by plaintiff's fall through a trapdoor left open
in an obscure place in the passageway, upon which the plaintiff's course
was directed at Walker's invitation. It appears from the evidence that
Walker was employed by one Yasser, the defendant's janitor, to assist
him in his work, payment for his services being made by the janitor
personally; but the presence of this employé and the nature of his
work, under Yasser's direction, and for the defendant's benefit, was
known to the defendant, and acquiesced in. The purpose for which the
plaintiff was invited upon the premises by Walker was the removal of
certain rags which had accumulated in the cellar, and which, from time
to time, it had been Yasser's custom to sell for his own benefit. The
evidence discloses a dispute of fact as to whether the sale of these rags
was within the duties delegated to Walker by Yasser, and there is cer-
tainly a conflict of inferences as to whether the removal of these rags
by sale to a junk dealer was within the necessary duties of this individ-
ual during the temporary absence of the janitor who had charge of the
defendant's premises for this purpose. There is also a conflict of ev-
idence as to the time during which the trapdoor was open, and as to
the condition of light surrounding it.

The question of the defendant's liability depended upon proof that
the plaintiff came upon the premises at the invitation of its servant, and

was injured through the defendant's failure to use ordinary care for the purpose of keeping the premises in a reasonably safe condition— a question which involved the jury's determination of the fact whether the invitation given by Walker was within the scope of his authority, expressly or by implication, and whether the condition which resulted in the accident was due to lack of ordinary care in the maintenance of the premises. These questions were distinctly withdrawn from the jury, to the defendant's obvious prejudice, by the instruction made by the court in the following words:

"In regard to these requests, I wish to charge you particularly that the plaintiff's being there on the invitation of an employé, no matter how limited the employé's employment was, was sufficient to make the defendant liable if an accident occurred to the plaintiff."

Upon the evidence given at the trial the scope of the servant's authority, in view of the limited nature of his employment, presented matter for the determination of the jury, and could not be resolved adversely to the defendant by a ruling as upon a question of law. For the error presented, there must be a new trial of the cause.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.