### FOLEY v. YOUNG MEN'S CHRISTIAN ASS'N OF NEW YORK.

(Supreme Court, Appellate Term. March 21, 1905.)

PLEADINGS—EFFECT AS EVIDENCE—COMMENTS BY COURT.

Pleadings are before the court and jury, and may be read and commented upon for the purpose of defining the issue, and showing what part of the allegations is admitted, without having been formally put in evidence.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 279–283.]

Appeal from City Court of New York, Trial Term.

Action by Matthew Foley against the Young Men's Christian Association of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Nadal & Carrere, for appellant.

B. Patterson, for respondent.

O'GORMAN, J. Upon the former appeal in this case (90 N. Y. Supp. 406) we held that it was for the jury to determine whether the invitation given by Walker was within the scope of his authority, expressly or by implication. Upon the second trial this question was properly submitted to the jury, and its finding for the plaintiff is amply supported by the evidence. There was no impropriety in the reference made by the trial justice to the pleadings. Pleadings in a case are before the court and jury, and may be read and commented upon for the purpose of defining the issue, and showing what part of the allegations is admitted, without having been formally put in evidence. Abb. Trial Brief, 301. In Holmes v. Jones, 121 N. Y. 466, 24 N. E. 702, the court said:

"Statements, admissions, and allegations in pleadings are always in evidence for all the purposes of the trial of the action. They are made for the purposes of the trial, and are before the court and jury, and may be used for any legitimate purpose."

The jury could not have misapprehended the court's instructions. The learned justice repeatedly impressed upon them that the plaintiff could not recover unless his allegations were clearly established by the evidence.

There is no merit in the exceptions, and the judgment must be affirmed, with costs. All concur.