Tilson *v.* Clark.

[ALBANY GENERAL TERM, September 18, 1865.   *Hogeboom, Miller* and *Ingalls,* Justices.]

TILSON *vs.* CLARK.

In an action for slander, the defendant will not be permitted to prove a justification, under an answer merely denying the allegations of the complaint and alleging that the words charged to have been uttered and spoken by the defendant concerning the plaintiff were true.

Where the alleged slander consists in charging the plaintiff with having sworn falsely on a trial, an answer setting up a justification should set forth the evidence, and state what was actually sworn to by the plaintiff.

The Code has not altered the rule in this respect; and in pleading a justification now, as under the old system, the facts going to establish it must be stated. It is not sufficient to allege, barely, that the facts alleged are true; but the answer should state time, place and circumstances, with a degree of particularity which will show upon its face that the plaintiff is guilty of the offense imputed to him.

THE complaint in this action alleged, that upon a certain trial before a justice of the peace in Mamakating, between the trustees of school district No. 10, and the former trustees of said district, the plaintiff was sworn as a witness and gave testimony on said trial material to the issue joined in such action.   That the defendant charged in reference to said evidence, that the plaintiff had sworn false.

The defendant interposed an answer denying the allegations contained in the complaint, and alleged that the words alleged in the complaint to have been uttered and spoken by the defendant of and concerning the plaintiff were true.   The answer also alleged that the plaintiff did, at the trial of the action referred to in the complaint, swear false and swear to a lie.

Tilson *v.* Clark.

The cause was tried at the Sullivan circuit, in May, 1864, before the Hon. C. R. INGALLS and a jury, and upon the trial the plaintiff proved the uttering of the words alleged by the defendant. The defendant then offered to show a justification, which was objected to by the plaintiff upon the ground that it was not admissible under the answer. The objection was sustained, and the defendant excepted. The cause was submitted to the jury, who found a verdict in favor of the plaintiff for $50. A motion was made for a new trial, at special term, which was denied, and an appeal was taken to the general term of the Supreme Court.

*L. Tremain,* for the appellant and defendant.

*C. G. Bradner,* for the respondent and plaintiff.

MILLER, J. The plaintiff's complaint in this action charges, in the usual form, that the defendant employed and used slanderous language imputing to the plaintiff the crime of perjury. It simply alleges those extrinsic facts which are essential to show that the words used had reference to material testimony given by the plaintiff, in a legal proceeding, with a statement of the place where the words were spoken. The answer alleges that the words spoken were true, and that the plaintiff did, on the trial of the action referred to in the complaint, swear false and swear to a lie. It will be observed that the answer does not charge specifically that the plaintiff was guilty of perjury; nor does it in any way set forth facts which show that the plaintiff was guilty of that crime.

Although the charge made in the complaint was direct and specific, stating the time and place with some particularity, yet I think that it was not made in such language and presented in such a manner as to authorize the defendant, under a general allegation in his answer that the charge was true, to introduce evidence in justification.

The case of *Van Wyck* v. *Guthrie*, (4 *Duer*, 268,) is relied upon as an authority to sustain the general doctrine, that where the charge is specific, a general averment in the answer of its truth is sufficient. In that case the alleged libelous matter consisted of the report of the defendant, made up of specific charges to the effect that the plaintiff, as inspector of drugs, improperly passed adulterated articles. It will be seen that the statement of the libel itself contained the whole matter, and it is not difficult to see that a general allegation that the charge was true, under such circumstances, was all that was required. The case bears no analogy to a justification of a charge of perjury, like the present one, where, according to well settled rules, the defendant must set forth specifically in his answer the facts which establish that the plaintiff was legally guilty of the crime of perjury.

There can be no doubt that, under the system of pleading which existed prior to the Code, such an answer would be defective and insufficient. (*Woodbeck* v. *Keller*, 6 *Cowen*, 122. *Starkie on Slander*, 179.) The answer should set forth the evidence and what actually was sworn to by the plaintiff, at the time alleged. (3 *Chit. Pl.* 1039. *Yates' Pl.* 430.) Such a statement is not made in the complaint, and hence the reference made to it does not embody any such averment. The Code has not altered the rule in this respect; and in pleading a justification now, as under the old system, the facts going to establish it must be stated. It is not sufficient to allege barely that the facts are true, but the defendant must state such facts as will show the plaintiff guilty of the offense imputed to him. (*Anon.* 3 *How.* 406. *Sayles* v. *Wooden*, 6 *id.* 84. *Anibal* v. *Hunter*, *Id.* 258. *Fry* v. *Bennett*, 5 *Sand.* 54. *See also Van Sant. Pl.* 484.)

The answer of the defendant does not come up to the rule laid down in the authorities last cited, and presents no legal justification which would authorize evidence to support it.

It may also be remarked, that the charge made was a general one. It did not specify what the plaintiff had sworn

Tilson *v.* Clark.

to, or undertake to give the details, or even the substance of his evidence, but merely alleged that the defendant had used certain slanderous words in referring to the trial, and the testimony of the plaintiff given upon the trial. The rule, therefore, which is invoked to establish that the answer was sufficient, would seem to have no application to the present case.

It is insisted that the defense is well pleaded, even although the allegation in the complaint be general, and that the plaintiff should have demurred or made a motion to compel the defendant to make the answer more certain and specific. I think that the plaintiff was not required to take any such action, but was authorized to interpose an objection upon the trial, to the admissibility of the testimony offered. This rule only applies where a good defense is defectively stated, and in such a case the plaintiff can not take advantage of the defect upon the trial. (*White* v. *Spencer*, 4 *Kern.* 247.) A plaintiff, by going to trial upon an answer of the defendant, admits it to be true, so far as the matter is set out issuably. But such an admission does not aid a defect in substance, or prevent the plaintiff from taking advantage of it on the trial. When facts set forth constitute no defense, the defendant can have no benefit from them. (*Van Valen* v. *Lapham*, 13 *How.* 240. *Boyce* v. *Brown*, 7 *Barb.* 81.)

Was there any defense set up in the defendant's answer? It alleged that the charge was true, and that the plaintiff swore false. He may have sworn false ignorantly and by mistake. He may have sworn false in a proceeding which was not recognized by law where false swearing would not amount to the crime of perjury. To make out any legal defense, the answer should have gone further. It should have stated time, place and circumstances, with a degree of particularity which would show upon its face that an offense against the law had been committed. It should have presented, substantially, an indictment against the plaintiff, for the alleged perjury. As it was, it was fatally defective and imperfect in

substance, and presented no defense. It made no issue, and stated no justification for the slander alleged.

Upon neither of the grounds urged, was the testimony offered, to establish a justification, admissible under the answer, and no error was committed in excluding it.

The motion for a new trial must therefore be denied, and the judgment affirmed.

INGALLS, J. concurred.

HOGEBOOM, J. expressed no opinion.

                                        Judgment affirmed.

[ALBANY GENERAL TERM, September 18, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]