Speir, J.
The defendant’s amended answer in paragraphs IV. and V. sets up the defense of justification to the first and second libels complained of in the complaint.
The defense to the second libel is merely a repetition of the matters set forth in paragraph IV. If, therefore, the justification set up as a defense to the first libel fails, the second defense must fall with it.
It is elementary in an action for defamation that where the charge is particular, and the defendant, at the time he writes the words, selects a specific offense, he is bound by it, and Ms plea of justification must rest on that particular matter.
*152 Assuming that the defendant was really told the story he repeats, it does not excuse him in publishing another story, even though similar in character, yet not the same. These pleas are bad, and must be struck out as irrelevant.
An order was made by this court on March 14 last, striking out a portion of the answer in- this action, and giving the defendant leave to amend. He amended his answer—paragraph VI.—which is identical, in all material parts, with the portions ordered to be stricken out.
The renlaining part of the answer consists of denials and admissions and allegations pleaded in mitigation.
The article complained of is libelous on its face, and the only defense under a denial would be a denial of publication, which is, in fact, admitted.
A denial of the allegations of malice is frivolous, unless connected with allegations of mitigating circumstances.* This, the last plea interposed, I think, must stand.
*153 Section 165 of the Code has been construed, both in this court and in the court of appeals, to the effect that mitigating circumstances may be pleaded in connection with a general denial, with or without a plea of justification; and that all matters which tend to disprove malice may be pleaded in mitigation of damages, although they may tend to prove the truth bf the words complained of (Bush v. Prosser, 11 N. Y. 347; Dolevin v. Wilder, 7 Robt. 319).
*154 The plaintiff’s motion is granted in part, and denied in part, as above indicated, without costs to either party.
No appeal was taken.

 An answer denying that the publication was with defendant’s knowledge, consent, assent or permission, and that any one employed by defendants had any right or authority to publish it, is not frivolous (Samuels v. Evening Mail Asso., 52 N. Y. 625).
The answer in that case, which the court below, on motion, held bad, giving thereon judgment, which was reversed by the court of appeals, was as follows:
“The defendant, answering the complaint of the plaintiff in the above entitled action, admits and avers that during all the month of July, 1870, the said defendant was, and since has beén, and now is, a corporation organized under the laws of the State of New York; and that the ownership of the daily newspaper called The New York Evening Mail is vested in said corporation; and that all persons who are employed by the defendant to have any charge of editing or publishing such paper were carefully selected, and were and are proper and competent persons; and this defendant denies that such persons, or any persons, had any license or authority from this defendant, to publish or to permit to be published, any matter or thing which is *153 untrue or defamatory, or as regards said plaintiff, otherwise than complimentary to him.
“This defendant denies that the article set forth in said complaint was published by, or with the knowledge, consent, assent or permission of this defendant; and they deny that any person employed by this defendant had any right or authority from this defendant to publish the alleged article.
“This defendant, further answering said complaint by way of mitigating circumstances and not otherwise, avers, upon information and belief, that at the time of the said alleged publication, the statements therein contained were furnished to the editor for the time being of said paper, as facts obtained from the report of the police in Brooklyn, and were so in fact obtained, as defendant is informed and believes, and which were then believed to be true of and concerning the plaintiff, and which arose, as defendant is informed and believes, from some person personating the plaintiff; and defendant further avers that such editor, without authority from this defendant, caused said article to be inserted in said newspaper aforesaid, and was the subject of a practical joke, played by some person who was familiar with, and who successfully personated, the plaintiff; and that the said editor had reason to believe, and did believe that such article was true, and the same was published without any malice and without any intent to injure the plaintiff in his good name and reputation, or otherwise, and without the knowledge of this defendant.
“The defendant further denies that at the time of said alleged publication there existed any malice on the part of the defendant or of any person or persons connected with the said Evening Mail newspaper; and the defendant denies that the plaintiff was in any manner or to any pecuniary extent injured in his reputation, or in his good name or credit as a mariner, or otherwise, from or by reason of said alleged publication.”