## VIOLA S. LOMBARD *v.* WHEELER J. BATCHELDER & ELLEN J. BATCHELDER.

*Husband  and  Wife.    Wife's  Tort.    Exemplary  Damages.  Husband  Liable.*

Exemplary damages are recoverable against husband and wife in an action against them for the malicious trespass of the wife, though the husband is without blame.

TRESPASS for assault and battery.   Trial by jury, September Term, 1885, POWERS, J., presiding.   Verdict for the plaintiff to recover $425 damages.

It appeared that defendant Ellen J., wife of defendant Wheeler J., committed the assault sued for; and that defendant Wheeler J. used his best endeavor to prevent his wife from injuring the plaintiff, and that the assault was made in spite of his resistance.

The court instructed the jury that exemplary damages were allowable in case of a wanton and unprovoked assault.

*Heath & Willard* and *Alland G. Fay,* for the defendants.

If one of the parties is entirely without malice there can be no exemplary damages.   *Clark* v. *Newsam,* 1 Exch. 131.

"It was quite settled that in no case could the malignant motive of one party be made a ground of damage against the other party who was altogether free from such improper motive."   Wood Mayne Dam. 494.

A master sued for the trespasses of his servant cannot be held in exemplary damages, if he (the master) is without malice, however evil the motive of the servant may have been.   *Hagan* v. *Railroad Co.* 3 R. I. 88; *Wardrobe* v. *Stage Co.* 7 Cal. 118; *The Amiable Nancy,* 3 Wheat. 546, 558; *Rail-*

*road* v. *Finney*, 10 Wis. 388; *Cleghorn* v. *Railroad Co.* 56 N. Y. 44.

The husband is not liable criminally for his wife's assaults. But if exemplary or punitive damages may be allowed in a case like this, the spirit, if not the very letter, of the rule, is violently infringed.

*Orman L. Hoyt* and *Geo. W. Wing*, for the plaintiff.

The charge of the court as to exemplary damages was correct. *Nye* v. *Merriam*, 35 Vt. 438; *Devine* v. *Rand*, 38 Vt. 621; *Elsworth* v. *Potter*, 46 Vt. 685; *Earl* v. *Tupper*, 45 Vt. 275; *Hoadly* v. *Watson*, 45 Vt. 289; *Boardman* v. *Goldsmith*, 48 Vt. 403; *Snow* v. *Carpenter*, 49 Vt. 427; *Wright* v. *Clark*, 50 Vt. 130; *Newell* v. *Whitcher*, 53 Vt. 589; *Burnham* v. *Jenness*, 54 Vt. 272; G. & W. New Tr. 409, 1113, 1142; 2 Add. Torts, s. 1392, *n.* 1; 1 Wat. Tres. 251; Moak Und. 226; *Edwards* v. *Leavitt*, 46 Vt. 126.

The plaintiff can have but one recompense in damages, though the action be joint, and the jury cannot on a joint action sever the damages. Neither can the plaintiff have another action, and must recover if at all, all the damages she ever can recover, or is entitled to by law. 1 Steph. N. P. 224.

The execution must follow the judgment; and as the damages cannot be several, the husband is liable for all damages which the plaintiff is entitled to recover, both actual and exemplary. 1 Steph. N. P. 751.

The opinion of the court was delivered by

ROWELL, J. The only question made in argument is, whether exemplary damages are recoverable against husband and wife in an action against them for the malicious trespass of the wife, the husband being free from improper motive or other blame in the premises.

When two persons have so conducted themselves as to be jointly liable for a tort, each is responsible for the injury

committed by their common act. But when motive may be taken into consideration, the improper motive of one cannot be made the ground of aggravating the damages against the other if he is free from such motive. In such case the plaintiff must elect against which party he will seek aggravated damages. *Clark* v. *Newsam,* 1 Exch. 131.

So a master, sued for the trespass of his servant, is not liable for exemplary damages, however evil the motive of the servant, if he is himself without malice. *The Amiable Nancy,* 3 Wheat. 546; *Cleghorn* v. *The N. Y. Central & Hudson River R. R. Co.* 56 N. Y. 44.

In all these cases it is to be observed that the plaintiff has his election to proceed against all or any of the wrong-doers; and as in such case it would be unjust to make the malicious motive of one party the ground of enhancing damages against another who is free from such motive, if the plaintiff proceeds against all, he thereby deprives himself of the right he otherwise would have had to claim exemplary damages.

But the case is different when suit is brought for a tort of the wife for which the husband is liable solely by reason of her coverture, for then the plaintiff has no election, but must proceed against both; and herein lies the distinction between this case and the cases relied upon by the defendant; for the husband is liable, not as master, but as husband, and because of the oneness of the twain in the eye of the law. We have not been referred to, nor have we found, much authority for this distinction, but we think it exists on principle.

Judgment affirmed.