O’Gorman, J.
This action was brought by the plaintiff for the recovery of the value of certain work done and material furnished for the defendant, at his request, in making certain repairs and alterations in the engine or boiler of the machinery of the defendant’s yacht, “Tillie,” which then lay at Newburgh, where her hull was being lengthened by "Marvoll & Co.,” shipwrights, of that place.
The defendant denied that he had directly or indirectly employed the plaintiff, and the issue thus raised was submitted to the jury, without objection, and they found a verdict for the plaintiff.
Eo exception was taken to the charge of the trial judge.
The counsel for the defense moved for a new trial, which was refused, and exception taken.
At the commencement of the trial he moved for leave to amend his answer, by setting up as a defense that an action for the same cause had been instituted by the plaintiff in a district court of the United States.
This motion was denied on the merits, and counsel for the defense excepted.
The plaintiff produced evidence that he was employed to do this work and supply these materials on defendant’s yacht by 44 Charles B. Pugsley,” who was, at the time, employed by the defendant as his 44engineer” on the yacht, and that Pugsley had a general authority from the defendant to procure the work to be done for the defendant.
There is sufficient proof that the work was actually done, and the materials furnished on defendant’s yacht, as alleged by the plaintiff.
The issue of fact being disposed of by the verdict, the only subjects to be considered on this appeal are the rulings of the trial judge on the objections of the defense.
The motion for leave to amend the answer was addressed to the discretion of the court. Its object was the introduction of a new defense.
The court held that that defense should have been set up by supplemental answer.
A similar motion had been made at special terms and denied.
In my opinion, no error was committed by the trial judge in denying the motion at the trial.
*356 I have examined the various exceptions taken by the defense, to the admission of evidence.
In _my opinion, no substantial error was committed therein, and the rulings excepted to, could not have done injustice to the defendant, or have materially affected his defense.
The motion for a new trial was properly denied.
On careful examination of the whole case, I see no reason for disturbing the judgment, as it now stands.
The judgment must be affirmed, with costs, and the order denying a new trial, must also be affirmed, with costs.
Sedgwick,' Ch. J., concurs.