JOHN Y. McKANE, RESPONDENT, *v.* THE BROOKLYN CITIZEN, APPELLANT.

*An answer, setting up a justification of a libel, must specify the facts establishing the truth of the charge.*

An answer, in an action brought to recover damages for an alleged libel, which sets up a justification thereof, must specify the facts tending to show the truth of the charge.

A general averment of the truth of the libel is not a proper form of pleading, and, if inserted in the answer, the same will be stricken out on motion of the plaintiff.

The provisions of the Code of Civil Procedure, in respect to matter in mitigation of damages, were not designed to, and do not affect the rule of pleading applicable to such cases.

APPEAL by the defendant from an order made at the Kings County Special Term, and entered in the office of the clerk of that county on the 6th day of April, 1889, striking out certain parts of the defendant's answer, and directing the defendant to specify, in his answer, whether particular averments of the said answer are pleaded in justification or mitigation of damages.

The action was brought to recover damages for an alleged libel upon the plaintiff, published by the defendant.

*James & Thomas H. Troy*, for the appellant.

*Morris & Whitehouse*, for the respondent.

BARNARD, P. J. :

The complaint avers a publication by defendant of language alleged to be libelous. Portions of the libelous article or communication impute the commission of crimes by defendant. One is quite specific. The answer avers that the article was published as a communication from one Tilson. The specific charge of crime is justified specifically. A justification must specify facts tending to show the truth of the charge. A general averment of the truth of the libel is not a proper pleading either before or after the Code. (*Tilson* v. *Clark*, 45 Barb., 178.) The answer should state time, place and circumstances with a degree of particularity which would show upon its face that an offense against the law had been committed, substantially as an indictment would charge facts constituting a crime. (*Andrews* v. *Van Duser*, 11 Johns., 38.) Applying this principle to the portion of the answer objected to and stricken out, the order was right. The answer avers that the plaintiff holds or held several offices in the town of Gravesend, and that he negligently and willfully permitted the loss and his official duty to be unexecuted and even assisted in violating the law. No specific instance is given in any portion of the voluminous parts of the answer which are the subject of the motion. As a justification, therefore, the answer is not good. Neither is it good in mitigation. "A statement in the answer that the words are true would not be a justification, and it

would fall just as far short of being a statement of facts to be proved by way of mitigation." (*Wachter* v. *Quenzer*, 29 N. Y., 547.) The Code in respect to mitigation was not designed to touch the rule of pleading, but when a publication was made which was libelous the publisher can prove facts tending to show the truth of the charge when the crime is not absolutely established by the proof. The same particularity in pleading was called for. In no other way can an issue be raised, either as to facts showing justification or as to facts showing motive as in mitigation to be considered, where an answer contains matter which will not justify proof on this, then it may be stricken out on notice as irrelevant.

The order should be affirmed, with costs and disbursements.

Dykman, J., concurred.

Order affirmed, with costs and disbursements.