WEBBER *v.* VINCENT *et al.*

*(Supreme Court, General Term, Fourth Department. February 11, 1890.)*

**1. LIBEL AND SLANDER—EXEMPLARY DAMAGES—HUSBAND AND WIFE.**
    In an action for slander against a husband and wife, for words spoken by the wife, a charge "that, as to any words spoken by the wife in the absence of her husband, and without his knowledge, a jury, in awarding exemplary damages,

should not render damages to as full an extent—should be more careful in it—than if the words were spoken by the husband, or spoken with his knowledge or assent," is as favorable as the husband has a right to expect.

**2. SAME—PRIVILEGED COMMUNICATIONS.**
A statement by defendant concerning plaintiff's character, in answer to an inquiry by one who has an interest in knowing, is not privileged when made in the presence of other persons beside the one interested.[1]

**3. SAME—PLEADING AND PROOF.**
Where a witness testifies that defendant used the words alleged in the complaint, he may also testify to the use of other words on the same occasion, as the whole transaction may be given in evidence; and it is for the jury to say whether the words were proved substantially as alleged.

**4. SAME—EXCESSIVE DAMAGES.**
A verdict for $800 for imputing want of chastity to a woman is not excessive.

Appeal from circuit court, Jefferson county.

Action by Maud Webber against Dorliska B. Vincent and Wilber J. Vincent, to recover damages for slanderous words, imputing unchastity to plaintiff, uttered by the defendant Dorliska B. Vincent, who is the wife of the other defendant. The complaint contained two counts,—one for words spoken in July, 1886, and the other in September, 1886. Judgment was entered on a verdict for plaintiff for $800, and defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

W. M. Rogers, for appellants.    D. G. Griffin, for respondent.

MERWIN, J. It is claimed by the appellants that the court erred in charging that exemplary damages could be recovered against the husband. The court did charge "that, as to any words spoken by the wife in the absence of her husband, and without his knowledge, a jury, in awarding exemplary damages, should not render damages to so full an extent—should be more careful in it—than if the words were spoken by the husband, or spoken with his knowledge or assent." The court, in substance, followed the rule laid down in Upton v. Upton, 4 N. Y. Supp. 936, where it was held that a narrower limit of exemplary damages existed where the husband was made defendant simply because of the marital relation. No case is cited holding that exemplary damages cannot be recovered in such a case. On the contrary, it was held in Fowler v. Chichester, 26 Ohio St. 9, that in an action like the present exemplary damages might be allowed. In Austin v. Wilson, 4 Cush. 273, it was held that, in an action brought against husband and wife for a libel by the wife, no smaller damages are to be assessed than would be legally recoverable if the libel had been published by her while sole, and the action had been against her alone; it being said that a husband is liable for his wife's acts, when liable at all, to the same extent as if she alone were answerable. In Lombard v. Batchelder, 58 Vt. 558, exemplary damages were held to be recoverable against husband and wife in an action against them for the malicious trespass of the wife, though the husband was without blame. The case was distinguished from an action against joint wrong-doers, where

---

[1] Statements made before a meeting of stockholders of a railroad company by a member, attributing drunkenness and incapacity to one of the officials, are privileged, if made in good faith, and it is immaterial that attorneys of the company, who are not stockholders, are present. But if the statements are made to the attorneys, and not to the stockholders' meeting, they are actionable. Broughton v. McGrew, 39 Fed. Rep. 672. For full discussions of what communications are privileged, see Bronson v. Bruce, (Mich.) 26 N. W. Rep. 671, and note; Lynch v. Febiger, (La.) 1 South. Rep. 690, and note; Byam v. Collins, (N. Y.) 19 N. E. Rep. 75; Pierce v. Oard, (Neb.) 37 N. W. Rep. 677, and cases cited; Press Co. v Stewart, (Pa.) 14 Atl. Rep. 51; Mallory v. Pioneer-Press Co., (Minn.) 26 N. W. Rep. 904, and note; Greenwood v. Cobbey, (Neb.) 42 N. W. Rep. 413; Lowry v. Vedder, (Minn.) Id. 542; Railway Co. v. Richmond, (Tex.) 11 S. W. Rep. 555; Cotulla v. Kerr, Id. 1058; Wright v. Lathrop, (Mass.) 21 N. E. Rep. 963; John W. Lovell Co. v. Houghton, (N. Y.) 22 N. E. Rep. 106J; Hayes v. Press Co., (Pa.) 18 Atl. Rep. 331; Burke v. Mascarich, (Cal.) 22 Pac. Rep. 673; Nissen v. Cramer, (N. C.) 10 S. E. Rep. 676.

the improper motive of one cannot be made the ground of aggravating the damages against the other, if he is free from such motive; it being said that in such case the plaintiff must elect against which party he will seek aggravated damages. If the action is for the tort of the wife, for which the husband is liable solely by reason of the wife's coverture, the plaintiff has no election; he must proceed against both. *Fitzgerald* v. *Quann*, 109 N. Y. 441, 17 N. E. Rep. 354. The husband is not joined as a defendant on the ground that her guilt is imputed to him, but because, so long as the marital relation continues, the wife is incapable of being sued alone. RAPALLO, J., in *Kowing* v. *Manly*, 49 N. Y. 201. Under the ruling in the *Fitzgerald Case*, the liability of the husband is controlled by the common law, and under that the husband was not entitled to a charge any more favorable than was given.

It is further claimed that the court erred in refusing to submit to the jury the question of privilege. The defendants asked the court to charge the jury "that, if they find the defendant Dorliska, on the occasion in September, 1886, uttered the words spoken by her, in answer to a question or questions asked her by Mrs. Leaman, as testified to by said Dorliska, in good faith, believing them to be true about the plaintiff, it was a privileged communication." This the court refused, and defendants excepted. The testimony of Dorliska on the subject was as follows: "I had a conversation with Mrs. Leaman at my house in September, 1886. My husband and Mrs. Marshall were present,— four of us. Mrs. Leaman asked me concerning the Webber girls. She asked me if they were respectable girls, and fit associates for her daughter. I said that I should not think so, according to my suspicions. I said in my opinion she had been in the family way. Mrs. Leaman asked me if I was sure of it, and I said no, but I believed it to be so. She said she had heard the same thing at Clayton, before she asked me, but said she asked me because she thought I ought to know, living so near them." It may be that Mrs. Leaman had such an interest in the information sought that a communication to her alone, in good faith, in response to inquiry made by her, would be privileged, (SELDEN, J., in *Lewis* v. *Chapman*, 16 N. Y. 374;) but the rule in such cases is that the communication must be made only to those interested in receiving it. If the publication be general, it will lose its protection as a privileged communication. Folk. Starkie, Sland. § 688, marg. p. 526. Within this rule, the request was properly denied. Others being present, the publication was not to the interested party alone.

It is further claimed that the court erred in admitting evidence, over defendants' objection, of words not alleged in the complaint. A witness, in testifying to what occurred on the two occasions referred to in the complaint, stated the use by the defendant of an expression somewhat different from the words alleged in the complaint. The witness also testified that the defendant used the words as alleged. Whether the words substantially as alleged were proved was for the jury to say. The witness was properly allowed to give the whole transaction.

It is claimed the damages are excessive. The case was a peculiar one. The degree of aggravation depended on the view taken by the jury of the evidence as given before them. No sufficient ground is made apparent for us to interfere.

No other point is made. It follows the judgment and order must be affirmed. Judgment and order affirmed, with costs.

MARTIN, J., concurs.

HARDIN, P. J. I think the words were not privileged, and I assent to the opinion in all other respects. *Byam* v. *Collins*, 111 N. Y. 143, 19 N. E. Rep. 75.