(77 Hun, 506.)

## LANPHERE v. CLARK.

(Supreme Court, General Term, Fourth Department.     May 18, 1894.)

1. SLANDER—PLEADING.
   Where the complaint alleges that defendant said of plaintiff that she belonged to a gang of thieves, that she kept a hotel which was a resort of thieves and murderers, and that her boarders "were those having the bad disease," an answer which alleges that lewd people congregated at plaintiff's hotel for immoral purposes, that plaintiff was a lewd woman, and that conspiracies to injure defendant were formed there, does not comply with the rule that the justification must be as broad as the charge.

2. PLEADING—INDEFINITE ANSWER.
   Plaintiff need not move that the answer be made more definite and certain, but may at the trial object to the reception of any evidence not authorized by the answer.

3. SAME—AMENDMENT DURING TRIAL.
   A motion to amend during the trial is addressed to the discretion of the court.

4. SLANDER—EVIDENCE.
   Where the complaint alleges that the slanderous words were uttered "in and about the month of July, 1892,—the exact day plaintiff cannot now more particularly state,"—evidence stating conversations that occurred in May and June is admissible.

**5. EXCESSIVE DAMAGES—EVIDENCE.**
  Where the evidence as to damages is conflicting, a verdict will not be·
  disturbed as excessive, unless so large as to indicate passion, prejudice, or·
  corruption.

Appeal from circuit court, Oneida county.

Action by Francenia Lanphere against Jackson Clark for slander..
From a judgment entered on a verdict in favor of plaintiff for $500,.
and from an order denying a motion for a new trial, defendant
appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ..

Sayles, Searle & Sayles, for appellant.

Olney & Wiggins, for respondent.

HARDIN, P. J. In 1892 the plaintiff was residing at Delta,
and was the owner and proprietor of an hotel known as the "Hotel
Lanphere." Her complaint alleges that the defendant uttered
defamatory statements with intent to injure the plaintiff in her·
reputation and her business. Evidence was given tending to estab-
lish the allegations of the complaint, and evidence was given in
behalf of the defendant, contradicting the evidence offered by the·
plaintiff in many respects, and a sharp question of fact was pre-
sented for the jury to determine what words were uttered by the·
defendant. ° Plaintiff's evidence indicated that on sundry occasions·
he charged the plaintiff with keeping an hotel which was the resort
of thieves and murderers; also, that the hotel was "a den of thieves·
and murderers." And that on one occasion the defendant said,.
pointing to the plaintiff, who was standing in the door of the hotel:.
"I will rout that bitch out of her den before Saturday night. They
are a nest of bitches." And on another occasion he said "there·
was a pack of thieves down to that hotel,—a den of thieves. Mrs.
Lanphere would murder but that she would carry her point. That
she belonged to a desperate gang called the 'Ku Klux,'—the hotel
gang of thieves,—that damned bitch of a Mrs. Lanphere." And
that on another occasion the defendant said "he guessed it was·
the damned thieving gang at the hotel that had thrown him and
hurt his arm. They were a pack of thieves. That the kind of·
boarders kept at the plaintiff's hotel were those having the bad
disease." The defendant's answer denied the allegations of the·
complaint, and alleged "that the house known as the 'Lanphere·
House' at Delta is and was kept and run as a disorderly house;.
that it was a place wherein immoral persons for immoral pur-
poses congregated, and where conspiracies were formed to injure·
this defendant, and it was from said hotel that they started to·
carry out said conspiracies so formed; that said house, hotel, and
place, as defendant alleges upon information and belief to be, was·
a place where lewd and immoral people congregated, and that the
plaintiff herself is a lewd, unchaste, boisterous, immoral woman,.
and has conducted and run the hotel in an improper and disorderly
manner; that upon the trial of this cause the defendant will give·
evidence of the facts and circumstances, as alleged in the second,

count of this answer, by way of mitigation or justification of the things, allegations, and charges made in said plaintiff's complaint." The answer fails to comply with the rules requiring the justification to be as broad as the charge made, and the court committed no error in holding that the answer did not contain allegations sufficient to amount to a justification of the charges contained in the complaint. Hathorn v. Spring Co., 44 Hun, 608; Steffen v. Schaefer (Sup.) 15 N. Y. Supp. 493; McKane v. Brooklyn Citizen, 53 Hun, 132, 6 N. Y. Supp. 171. It was not incumbent upon the plaintiff to move to make the answer more definite and certain, but she had a right to object, at the trial, to the reception of any evidence not authorized by the answer. Orvis v. Dana, 1 Abb. N. C. 286.

2. Whether the defendant should, in the midst of the trial, be permitted to amend his answer in the manner, and to the extent, proposed, was a question addressed to the discretion of the court. The case fails to indicate that the discretion was abused. Morrison v. Agate, 20 Hun, 25; Rosenwald v. Hammerstein, 12 Daly, 377; Avery v. Starbuck (Super. N. Y.) 5 N. Y. Supp. 779, affirmed (N. Y. App.) 27 N. E. 1080; Steamship Co. v. Otis, 27 Hun, 454. It may be observed that, among other things, the defendant proposed to amend his answer by inserting "various things which the plaintiff did at the place from which she came," and by alleging specific facts occurring subsequent to the publication of the slander. It is well settled that only such matters are competent in mitigation as were known to the defendant before and at the time of uttering the slanderous words. Hatfield v. Lasher, 81 N. Y. 246; Willover v. Hill, 72 N. Y. 36.

3. In the complaint it was alleged that the slanderous words were uttered "in and about the month of July, 1892; the exact dates the plaintiff cannot now more particularly state." Evidence was allowed, stating conversations that occurred in May and June, against the defendant's objection and exception. We think the ruling made by the trial judge did not transcend the rule of law applicable in such cases. Inman v. Foster, 8 Wend. 602; Titus v. Sumner, 55 N. Y. 266; Distin v. Rose, 69 N. Y. 122.

4. It is claimed in behalf of the defendant that the damages awarded by the jury are excessive. Doubtless, this court has power to reduce the damages if it entertains the opinion that the award by the jury was excessive. Holmes v. Jones, 121 N. Y. 461, 24 N. E. 701. In that case it is said in the opinion that, where the justification is not made out, it is for the jury to determine the amount of damages to be awarded; and it is said:

"If they come to the conclusion, from the circumstances and the nature of the charge made, that the publication was malicious, in bad faith, or recklessly, carelessly, and wantonly made, they could go beyond compensation, and award punitive damages."

In the case before us, if the jury had believed the testimony of the defendant, it would have found a verdict of no cause of action. If it had believed the testimony of the defendant's wit-

nesses who spoke as to the character of the plaintiff while she was a resident of Exeter and elsewhere, and also had believed that the utterances made by the defendant were not malicious, doubtless a smaller verdict would have been given, if any. It was for the jury, however, to consider the evidence which impeached the character of the plaintiff for truth and veracity, for sobriety and chastity, in connection with the other evidence tending to sustain her character offered in her behalf, and, in the light of all the circumstances disclosed, to determine the question of damages. With such a great conflict in the evidence upon the essential questions which entered into the question of damages, both compensatory and punitive, before the jury, and a verdict rendered thereon which is not so large as to indicate passion, prejudice, or corruption, it is not in accordance with well-established rules of this court to interfere with such a verdict. Webber v. Vincent (Sup.) 9 N. Y. Supp. 101. In that case it was said:

"The case was a peculiar one. The degree of aggravation depended on the view taken by the jury of the evidence as given before them. No sufficient ground is made apparent for us to interfere."

Graves v. Gilchrist, Id. 88; Holmes v. Jones, supra; Hartman v. Association (Com. Pl. N. Y.) 19 N. Y. Supp. 398; Scott v. Association, 74 Hun, 287, 26 N. Y. Supp. 690.

Numerous rulings as to admission and rejection of evidence were made upon the trial, and the defendant took several exceptions which have been pressed upon our attention, and consideration has been given to them, and after a careful view of the course of the trial and the rulings made by the trial judge it is not believed that the exceptions present prejudicial error. In Richardson v. Northrup, 56 Barb. 105, the answer contained suitable allegations in mitigation of damages, and an attempt was made to show provocation for the utterance of the words; and it was said that to justify the admission of such evidence it must appear "that the provocation was continued down to and at the time the words were spoken." The foregoing views lead us to the conclusion that the verdict should remain. Judgment and order affirmed, with costs. All concur.