JEDEDIAH S. KINGSLEY, Appellant, *v.* WILLEY J. P. KINGSLEY, Respondent.

*Damages for libel — justification, how pleaded — the answer not controlled by the innuendo or by a general denial — evidence of circumstances not alleged — reopening of the plaintiff's case — order of proof.*

In an action brought to recover damages for libel, the justification pleaded in the answer must be as broad as the charge alleged in the complaint, and facts must be specified tending to show the truth thereof. A statement, however, of the necessary facts and not of the evidence of such facts is sufficient, and when the original charge is in itself specific, the defendant need not further particularize it in his plea.

In determining whether the answer in an action brought to recover damages for libel is sufficiently broad in its allegations, the statement, in the innuendo, of the character of the charge does not control, nor does the fact that there was in the answer a general denial prevent the defendant from availing himself of the defense of justification, as a defendant may put his defense upon distinct and even inconsistent grounds.

In an action brought to recover damages for libel, the fact that the answer contained a general allegation in substance that the plaintiff did not possess sufficient skill to treat persons having the disease that he assumed to treat, does not authorize the defendant therein to show by the testimony of physicians that the plaintiff adopted an improper method of treatment; such fact can only be shown when there is a specific allegation to that effect contained in the answer.

Where the complaint in an action brought to recover damages for libel is based in part on a letter, which the defendant admitted by his answer he wrote or caused to be written and sent, evidence as to the circumstances under which it was written, with a view of showing that there was no actual malice, is inadmissible, if such circumstances were not set up in the answer by way of mitigation of damages.

It is competent in an action for libel for the plaintiff to prove express malice on the part of the defendant before he rests, and it is, therefore, discretionary with the court whether, after the defendant has rested, the plaintiff shall be allowed to give evidence tending to prove express malice.

The plaintiff or party holding the affirmative of an issue is bound in the first instance to introduce all the evidence on his side, except that which operates merely to answer or qualify the case sought to be made out by his adversary's proof, and rebutting testimony must be in denial of some affirmative case or fact which the defendant has endeavored to prove.

APPEAL by the plaintiff, Jedediah S. Kingsley, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 31st day of May, 1893, upon the verdict of a jury rendered after a trial at the Oneida Circuit, with notice of an intention to bring up for review on such appeal an order entered in said clerk's office on the 5th day of June, 1893, denying the plaintiff's motion for a new trial made upon the minutes.

This action was brought to recover the damages sustained by reason of an alleged libel.

The answer contained a general denial and also set up matter by way of justification as well as of mitigation.

*Oswald P. Backus*, for the appellant.

*J. S. Baker*, for the respondent.

MERWIN, J.:

The main struggle in this case was over the second cause of action, which was based on an article published by the defendant in the Rome *Sentinel*. The question whether the defense of justification was made out was submitted to the jury and they found for the defendant. It is claimed by the plaintiff that the answer, in its allegations on the subject of justification, was not sufficiently broad and definite to give the defendant the benefit of that defense.

There is no doubt about the general rule that the justification must be as broad as the charge. Facts must be specified tending to show its truth. (*McKane* v. *The Brooklyn Citizen*, 53 Hun, 132.) This rule, as said in *Ball* v. *Evening Post Publishing Co.* (38 Hun, 11), requires only a statement of the necessary facts, and not of the evidence of those facts. When the original charge is in itself specific, the defendant need not further particularize it in his plea.

(Falkard's Starkie on Slander & Libel, § 483 ; *Van Wyck* v. *Guthrie*, 4 Duer, 268 ; affd., 17 N. Y. 190.) In *Wachter* v. *Quenzer* (29 id. 553) it is said that "the requirement that the answer should set up the matter to be relied on was intended to prevent surprise, by informing the plaintiff of what he must expect to meet."

In *Fleischmann* v. *Bennett* (87 N. Y. 231) it was held that an innuendo in a complaint in an action for libel does not enlarge the matter set forth in the alleged libelous words, but only explains their application, and, where not justified by the statements to which it refers, so that rejecting it the words are not libelous, a demurrer to the complaint will lie. It would seem to follow that, in determining whether the answer in its allegations *is* sufficiently broad, the statement in the innuendo of the character of the charge does not control. Nor does the fact that there was in the answer a general denial prevent the defendant from availing himself of the defense of justification. (*Buhler* v. *Wentworth*, 17 Barb. 649 ; *Hollenbeck* v. *Clow*, 9 How. Pr. 289 ; Code, § 507.) A defendant may put his defense upon distinct and even inconsistent grounds. (*Goodwin* v. *Wertheimer*, 99 N. Y. 150.)

In view of these principles the answer was, I think, sufficiently broad and definite to give the defendant the benefit of the defense of justification The case is, in many respects, a peculiar one, and many of the material facts are necessarily of a general character.

The plaintiff asked the court to charge " that the only question for the jury upon the statement that ' the nature and combination of my remedies is known only to myself, and any person claiming to have any knowledge of them is an impostor,' is the question of damages, because of the insufficiency of the pleading in justification." This the court refused and the plaintiff excepted. The clause in the libelous article was : " The nature and combination of my remedies are known only to myself, and any person claiming to have any knowledge of them or to have been my partner is an impostor." The argument of the plaintiff's counsel seems to be based on the idea that there were several remedies, and that the defendant did not in his answer sufficiently specify all of them and charge that plaintiff did not know the nature and combination of any of them. There is room for the inference that the charge against the plaintiff on this subject in the libelous article, taking it all together, had ref-

erence to a specific remedy for cancer which the defendant claimed that he had "discovered and adopted nearly forty years ago," "consisting of a preparation composed of various ingredients, an application of which would destroy cancerous growth," and did not refer to certain incidental and comparatively unimportant remedies that were used in the course of the application of the specific remedy. It should not be said, as matter of law, as the court was, in effect, called on to say by the request, that the incidental remedies were included in the charge.

But the plaintiff claims that, assuming that the answer in form is good, evidence was admitted, on the theory of justification, that was not fairly within the allegations of the answer. Several eminent physicians were called as experts upon the question of what was the proper or recognized treatment in the profession for the removal of large cancerous growths, in August, 1891, the time of the publication in question. This evidence was objected to upon the ground, among others, that it was not admissible under the pleadings. This objection was overruled and exception taken. The testimony was that proper treatment was removal with the knife. One of the charges inferable from the libelous justification was that the plaintiff was an ignorant practitioner. It is claimed on the part of defendant that the evidence above referred to was admissible on that subject. It is alleged in the answer, in substance, that in March, 1891, the plaintiff opened an office for the treatment of cancer by local application alone, and advertised his business upon that method of treatment alone. It is argued that if the plaintiff did not adopt the proper method of treatment, he would be deemed an ignorant practitioner, and that, therefore, the evidence in question was admissible. There are in the answer allegations of facts from the existence of which the inference might be deducible that the plaintiff was an ignorant practitioner. There is, however, no allegation that the treatment of cancer by local application was not proper, or that the proper treatment of large cancerous growths was by removal with the knife. There is, in substance, an allegation, somewhat general, that the plaintiff did not possess sufficient skill to treat persons having the disease that he assumed to treat, and it is claimed that this may be shown by showing that he adopted an improper method of treatment without any specific allegation of such fact in the answer. I

think not. That is a subject that the plaintiff is entitled to have specific notice of, if it is to be litigated. It affected largely the character of his business as well as his professional standing. The evidence was, I think, erroneously admitted, and it was of such a character that it may be said with a good deal of force that it may have affected the verdict to the prejudice of the plaintiff. At least we cannot, I think, fairly say that it probably did not affect the verdict, especially in view of the fact that in some respects the case was a close one.

There is another exception in the case upon the same line, but of not so important a bearing. One of the counts of the complaint is based on a letter which the defendant in his answer admits that he wrote or caused to be written and sent to a Mrs. Brown. Evidence was admitted of the circumstances under which it was written, with a view of showing that there was no express malice, although these circumstances were not set up by way of mitigation. This would seem to be error. (*Bradner* v. *Faulkner*, 93 N. Y. 515; *Daly* v. *Byrne*, 1 Abb. N. C. 150.)

After the defendant rested, evidence was offered by the plaintiff which it was claimed would tend to show the existence of actual malice on the part of defendant. This was excluded on the ground that it was reopening. The plaintiff claims that it was competent to show actual malice in rebuttal. We are, however, referred to no case like the present where that practice was authorized. It was competent for the plaintiff to have proved express malice as a part of his case before he rested. (*Fry* v. *Bennett*, 28 N. Y. 324.) This being so, it would seem that it was discretionary whether he should, after the defendant rested, be allowed to give such evidence. The general rule is that the plaintiff, or party holding the affirmative, is bound in the first instance to introduce all the evidence on his side, except that which operates merely to answer or qualify the case as it is sought to be made out by his adversary's proof. (*Hastings* v. *Palmer*, 20 Wend. 226.) In *Silverman* v. *Foreman* (3 E. D. Smith, 323) it is said that rebutting testimony must be in denial of some affirmative case or fact which the defendant has endeavored to prove. (See, also, 2 Greenl. Ev. § 422; Abb. Tr. Ev. 674.)

We are referred to numerous other exceptions, but it is not necessary here to consider them. Upon a retrial the questions may not

be important. For the errors above specified, and especially that relating to the expert evidence, there should, I think, be a new trial.

HARDIN, P. J., and MARTIN, J., concurred in the result.

Judgment and order reversed on the exceptions, and a new trial ordered, with costs to abide the event.