(24 Civ. Proc. R. 255.)

### HAWK v. AMERICAN NEWS CO.

(Common Pleas of New York City and County, Special Term. February 11, 1895.)

LIBEL AND SLANDER—PARTIAL DEFENSE—MITIGATION OF DAMAGES.

In an action for libel, the facts that defendant is engaged in receiving newspapers from the publishers, and delivering them to dealers; that the volume of its business, and the necessity of haste, prevent examination of the contents of papers so received and delivered; and that the newspaper containing the libel complained of was so received and delivered without knowledge of its contents, and without actual malice towards plaintiff,— may be pleaded as a partial defense, in mitigation of damages.

Action by Edward Hawk, an infant, by Henry S. Hawk, his guardian ad litem, against the American News Company, for libel. Plaintiff demurs to a partial defense. Overruled.

The complaint alleged that on February 14, 1894, defendant falsely and maliciously published and disseminated the libelous matter complained of, concerning the plaintiff; and that such libelous matter was printed in a publication named the "World," which was distributed and disseminated by defendant. The answer denied, generally, all the allegations of the complaint, and as a partial defense to the entire complaint, in mitigation of damages, alleged that defendant was engaged in the business of receiving newspapers and periodicals from the publishers thereof, and, immediately upon their receipt, delivering the same exclusively to dealers in newspapers; that the number of newspapers so received and delivered amounted to thousands of copies daily, and the aggregate of newspapers and periodicals handled in the course of a year, to millions of copies; that owing to the large number of papers handled, and the necessity for delivering them to the dealers at the earliest possible moment, it was impossible for defendant to ascertain the contents thereof before delivery, or to investigate the truthfulness of articles contained therein; and that the delay necessary for such investigation would cause great inconvenience and loss to the public. It also alleged that among the newspapers so received and delivered by defendant, with the utmost practicable dispatch, and without knowledge of their contents, on February 14, 1894, was the World; that defendant was not the editor, owner, publisher, or proprietor, in whole or in part, of the World, had no control over its columns, and did not write, or cause to be written, the article complained of, or know that it was contained in the issue of February 14, 1894; that defendant had no knowledge that the World was a paper likely to contain libelous matter; and that defendant had no express malice towards plaintiff. Plaintiff demurred to the partial defense, for insufficiency.

E. W. Brenen, for plaintiff.

E. A. Carley, for defendant.

BISCHOFF, J. The partial defense to which the demurrer is interposed is properly pleaded as such (Code Civ. Proc. § 508), being a statement of matter in mitigation of damages (Id. §§ 535, 536, 3343, subd. 9), since, in an action for libel, facts tending to disprove actual malice, such as do those here pleaded, may be proven in mitigation, inasmuch as a recovery of exemplary damages may be thereby resisted. Bisbey v. Shaw, 12 N. Y. 67, 74; Bush v. Prosser, 11 N. Y. 347; Samuels v. Association, 52 N. Y. 625; Daly v. Byrne, 1 Abb. N. C. 152, note. Demurrer overruled, with costs.