INGRAHAM, J.
—The complaint alleges the publication by the defendant of an article concerning the plaintiff which is clearly libelous per se. The answer, while admitting the publication of the article, contains a clause commencing as follows: “ Eighth. This defendant, further answering, upon information and' belief charges and avers that the publication so made as aforesaid was, and is true.” Then it goes on, and states certain facts which allege the truth of certain portions of the facts alleged in the libel. This allegation is not set forth as a separate defense to the action, is not alleged to be a justification, and the demurrer interposed by the defendant does not demur to it as a separate defense, but demurs on the ground that the allegations in said subdivision are only a repetition of the alleged libelous matter, and that the defense of justification, as alleged in the said subdivision of the amended answer, is insufficient in law. The facts alleged would be sufficient in mitigation of damages, and assuming that the facts alleged are not insufficient as a justification, the allegation is not pleaded as a justification, or as a separate defense. We do not think that such an allegation of the answer can be demurred to. The plaintiff’s proper remedy was to apply to the court to have the clause in question made more definite and certain, by alleging it as a separate defense of justification, or by alleging that it was pleaded in mitigation of damages, or by striking it out as irrelevant. From the ninth clause of the answer, it would appear that the allegation was inserted, not as a separate defense by way of justification, but as part of the ninth clause, of which it is made a part, and which is expressly pleaded as a partial defense and in mitigation of damages. It is well settled that, while the truth of a libel is a complete defense, it must be pleaded, if relied upon by of justification or in mitigation of damages. See 13 Am. & Eng. Enc. Law, 394, 395. and cases therein cited. In the case of Tilson v. Clark, 45 Barb. 181, was expressly held that the obligation upon a plaintiff to demur, or make a motion to compel a defendant to make the answer more definite and specific, only applies where a defense is defectively stated. This allegation in the answer not having been pleaded as a separate defense, or by way of justification,' containing facts which would be á good plea in mitigation of damages, and being connected with a plea in mitigation of damages, so as to be taken as a part thereof, we do not think that the plaintiff could demur to the clause in' question, and sustain such a demurrer by showing that the allegations were not a justification. The judgment appealed from must'be affirmed, therefore, with costs, with leave to withdraw demurrer on payment of costs of appeal and costs on demurrer below.
All concur.