EDWARD F. BRUSH, Respondent, *v.* ARTHUR F. BLOT, Appellant.

*Libel — matter in justification and in mitigation, how pleaded.*

The justification of an alleged libel, in order to be available to permit the introduction of evidence in support of it, must be co-extensive with the charge made in the publication complained of, which, for the purpose of testing the sufficiency of the justification, is to be construed in the sense and as it would be understood by persons generally, giving to the words their ordinary meaning — such sense as is legitimately applied to them by the use of innuendoes in the complaint.

When separate and distinct defamatory charges are made, a defense of justification which is co-extensive with one or more of them is deemed as broad as such charge or charges for the purpose of such defense thereto.

An allegation in a defendant's answer that the alleged defamatory matter contained in the article (set forth in the complaint) was true, with notice that he

would prove the truth of it upon the trial, constitutes neither a defense of justification nor a partial defense of mitigation.

In order to constitute a valid plea of justification, the answer must allege, with some particularity, facts showing that the charges were true in the sense in which they were charged in the complaint.

*Semble,* that a defamatory charge may be of such a nature and so specific that a bare allegation of its truth will constitute a valid defense of justification.

An allegation contained in an answer interposed in an action for an alleged libel published in a newspaper, that the defendant had knowledge of the article, and, believing it to be true, published it from worthy motives and for justifiable ends, and in the discharge of a duty which he owed to the public, as the plaintiff had prior thereto held a public office in the city in which the newspaper was published, and, therefore, the public was entitled to be informed as to his conduct, and any improper actions by him were matters of public and common interest, does not present a state of facts in mitigation, or characterize the publication as privileged.

APPEAL by the defendant, Arthur F. Blot, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 7th day of May, 1896, upon the verdict of a jury, and also from an order bearing date the 4th day of May, 1896, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Frank L. Young,* for the appellant.

*Roger M. Sherman,* for the respondent.

BRADLEY, J. :

The action is for alleged libel, founded upon an article published in the newspaper known as the *Mount Vernon News.* The article was of considerable length, and contained matter defamatory in character against plaintiff. The defendant by his answer admits the publication, denies that the matters so published were false, or that they were published maliciously. He then alleges that " the defendant justifies the publication of the alleged defamatory matter contained in the article complained of, and, on information and belief, alleges it is true, and gives notice that he will, on the trial of the action, offer and prove the truth of the alleged defamatory matter, except as stated in the next paragraph " of the answer. The court excluded evidence of facts offered by the defendant for the asserted purpose of justification or mitigation. And as there was no dispute as to

the. facts, the court instructed the jury that the plaintiff was entitled to a verdict, and submitted the question of its amount to them for determination. In all this there was no error.

The requisites of a pleading, to constitute the defense of justification, are that it be co-extensive with the charge in the publication, which, for the purpose of testing the sufficiency of the pleading, is to be construed in the sense and as it would be understood by persons generally, giving to the words their ordinary meaning — such sense as is legitimately applied to them by the use of innuendoes in the complaint. (*Fidler* v. *Delavan*, 20 Wend. 57; *Mitchell* v. *Borden*, 8 id. 570.) The statute has not materially changed the rule of pleading justification. But as to alleging and proving matter in mitigation, the statute has provided that, notwithstanding a defendant has pleaded matter as justification, the facts proven within those so alleged, being insufficient to constitute such defense, may be made available as mitigating circumstances, so far as they may bear in that direction (Code Civ. Proc. § 535), and that he may prove facts not amounting to a total defense tending to mitigate the plaintiff's damages if they are set forth in the answer. (Id. § 536; *Spooner* v. *Keeler*, 51 N. Y. 527.) It may be added that when separate and distinct defamatory things are charged, the defense of justification co-extensive with one or more of them is deemed as broad as such charge or charges for the purpose of such defense thereto. (*Lanpher* v. *Clark*, 149 N. Y. 472.)

It may be assumed, as claimed by the defendant's counsel, that a defamatory charge may be of such a nature, and so specific, that the allegation of its truth in an answer would constitute an alleged defense of justification, so as to permit evidence in its support. But that is not the character of the charges in question, so far as they may be deemed defamatory. They, as expressed in the published article, are somewhat general and of such nature as to support derogatory inferences expressed in the innuendoes, and it is as broadly in that sense that the defense of justification must have been alleged to permit proof to that effect. The defendant's allegation, therefore, that the alleged defamatory matter contained in the article was true, with notice that he would prove the truth of it on the trial, constituted neither an alleged defense of justification or the requisites of an alleged partial defense in mitigation. For the

purposes of the former, it is essential that the answer allege with some particularity facts showing that the charges are true in the sense in which they are charged in the complaint. (*Wachter* v. *Quenzer*, 29 N. Y. 547; *Tilson* v. *Clark*, 45 Barb. 178; *Ball* v. *Evening Post P. Co.*, 38 Hun, 11; *Hathorn* v. *Congress Spring Co.*, 44 id. 608; *McKane* v. *The Brooklyn Citizen*, 53 id. 132.)

It is equally necessary, to render facts available in mitigation, that they be pleaded by the defendant. (Code Civ. Proc. § 536; *Bush* v. *Prosser*, 11 N. Y. 347; *Bennett* v. *Matthews*, 64 Barb. 410.) The matter in the answer purporting to have been alleged in mitigation, to the effect that the defendant had knowledge of the article and believed it to be true when it was published, that it was published from worthy motives and for justifiable ends and in the discharge of a duty which he owed to the public, and that the plaintiff had prior to the publication held a public office in the city of Mount Vernon; and, therefore, the public was entitled to be informed as to his conduct and any improper actions by him, were matters of public and common interest, did not constitute a state of facts in mitigation to render the excluded evidence admissible, nor to characterize the publication as privileged in a legal sense.

These views lead to the conclusion that there was no error in the rulings at the trial, and that the judgment and order should be affirmed.

All concurred.

Judgment and order affirmed, with costs.