### JOSEPHSON v. MUSICAL COURIER CO.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. LIBEL AND SLANDER (§ 91*)—PLEADING—MATTERS OF DEFENSE—PARTICULAR DEFENSE.

Where the complaint by an attorney in an action of libel alleges a general charge of ignorance, a plea in complete defense which sets forth the history of the case in which plaintiff was attorney for defendant, and that the plaintiff in such action failed to raise a certain question because he did not understand and was ignorant of the law on that particular question, is a plea of ignorance and unskillfulness in a particular case, and bad on demurrer, since it fails to meet the general charge.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 91.*]

2. LIBEL AND SLANDER (§ 95*)—PLEA—MITIGATION—"MITIGATING CIRCUMSTANCES."

To an action of libel for publishing a general charge of ignorance against plaintiff, an attorney, not limited to ignorance in the conduct of the particular case as to which the publication was made, defendant pleaded as a partial defense the statutory law relating to the former case and its bearing on that case, and that plaintiff as attorney therein failed to raise any question thereunder because he did not understand and was ignorant of the law on that particular question, and in mitigation of damages, that this was known to defendant before publication, and that the article was published in reliance thereon in good faith and without malice. *Held*, that "mitigating circumstances" are those which, while

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not proving the truth of the charge, tend in some appreciable degree toward such proof, and thus permit of an inference that defendant was not actuated by malice in his charge, and that the matter pleaded bore upon and tended to establish a charge of ignorance, and that the plea was good on demurrer.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 95.*
For other definitions, see Words and Phrases, vol. 5, p. 4545.]

Appeal from Special Term, New York County.

Action by Max D. Josephson against the Musical Courier Company. From so much of an interlocutory judgment as overruled plaintiff's demurrer to the first complete defense and to the second partial defense contained in the answer, plaintiff appeals. Modified and affirmed.

See, also, 140 App. Div. 932, 125 N. Y. Supp. 1126.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Nathan Burkan, for appellant.
Edmond E. Wise, for respondent.

MILLER, J. [1] The action is for libel. The plaintiff, an attorney, complains of the publication by the defendant of an article with reference to his conduct of the defense in an action entitled Green v. Luby, brought to enjoin the defendant from publicly performing a copyrighted musical composition. The sting of the article complained of is to be found in the following paragraphs:

"The opposing lawyer (meaning the plaintiff) in his ignorance, failed to bring up the question of constitutionality, therefore the court took no cognizance of it, and proceeded to decide the case according to the law of 1909, which explicitly grants such public performing rights. * * * The attorney for the defense failed to set up the only possible defense—a defense so strong as to warrant the belief that the case would have had a very different termination, had he had the intelligence and knowledge necessary to meet it."

An interlocutory judgment overruling the demurrer to the complaint was affirmed by this court. 140 App. Div. 932, 125 N. Y. Supp. 1126. Thereby we held that the charge of ignorance was general, and not limited to a particular case. The complete defense demurred to set forth the history of the copyright statutes and the interpretation of them by the federal courts; the circumstances attending the passage of the act of 1909, which for the first time undertook to grant public performing rights to a copyrighted musical composition; the nature of the case of Green v. Luby, and that the plaintiff was the attorney for the defendant; that the constitutionality of the act of 1909, so far as it undertook to grant exclusive rights of public performance, was a question of serious doubt, and had never been passed upon by the courts of competent jurisdiction, "and that the plaintiff in the defense of the aforementioned action of Green v. Luby failed or omitted to raise such question because he did not understand and was ignorant of the law on that particular question."

It is manifest that the defendant has undertaken to plead to a charge of ignorance and unskillfulness in a particular case. If the plea is good, its demurrer to the complaint should have been sustained. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plea that the plaintiff failed to raise a particular question in a particular case, because he was ignorant of the law on that particular question, wholly fails to meet a general charge of ignorance and lack of intelligence.

[2] The same matter, coupled with a statement that it was known to the defendant before the publication of the article, and that the article was published in reliance thereon, in good faith and without malice, is pleaded as a partial defense in mitigation of damages. We think the demurrer to' the partial defense was properly overruled. "Mitigating circumstances are those which, while not proving the truth of the charge, do yet tend in some appreciable degree towards such proof and thus permit of an inference that defendant was not actuated by malice in his charge." Mattis v. Wilcox, 147 N. Y. 624, 634, 42 N. E. 270. There can be no question but that the matter pleaded in mitigation bears upon the charge. While falling short of establishing general ignorance and lack of intelligence, it may, upon the defendant's theory, tend to establish ignorance of a particular question of constitutional law, displayed in a particular case, and ignorance displayed in a particular case would tend, although perhaps not of itself sufficient, to establish general ignorance. We do not now suggest that in our opinion the failure to attack the constitutional validity of the said act of 1909 indicated ignorance of copyright law or of constitutional law as applied to copyright law.

The interlocutory judgment should be modified, in so far as to sustain the demurrer to the first complete defense demurred to, giving the defendant leave to serve an amended answer within 20 days, and, as thus modified, affirmed without costs. All concur.