NANCY ELLIS, Plaintiff, *v.* JAMES W. WOOD, Defendant.

(Supreme Court, Cayuga Special Term, August, 1919.)

Pleading — action for libel — answer — counterclaim — damages — when demurrer to defenses sustained.

> An answer in an action for libel pleading a cause of action for alienation of affections by way of counterclaim is demurrable.
>
> Where the facts set up in the counterclaim are also pleaded as partial defenses and in mitigation of damages, a demurrer to said defenses will be sustained.

DEMURRER to counterclaim and partial defenses set up in defendant's answer.

A. J. & F. A. Parker, for demurrer.

Frederick A. Mohr, opposed.

THOMPSON, J. To a complaint demanding damages for the publication of an alleged libel, defendant answers setting up a cause of action for alienation of affections, both by way of counterclaim and as a partial defense and in mitigation of damage. The plaintiff demurs to the counterclaim upon the ground, among others, that it is not of the character specified in section 501 of the Code of Civil Procedure, and also to so much of defendant's answer as alleges the facts set up in the counterclaim as partial defense and in mitigation of damage upon the ground that it is insufficient in law upon the face thereof.

Section 501 of the Code of Civil Procedure contains the rule as to counterclaim in this state, and in effect provides that in actions upon contract other causes of action on contract may be alleged by way of counter-

claim, but in other actions the facts alleged as counter-claims must arise out of the transaction act forth in plaintiff's complaint or be connected with the subject of the action. Applying these principles it seems to me that by no consideration can the cause of action set forth in the counterclaim here be said to arise out of the transaction set forth in the complaint or to be connected with the subject of the action. The transaction set forth in the complaint is that plaintiff caused to be published a specific, definite statement which she claims to have been libelous, no part of which can possibly have any connection with or reference to the facts set out in defendant's proposed counterclaim for alienation of affections. The counterclaim is in the usual form for alienation of affections and contains no allegation which by any reasonable intendment can be held to have connection with or reference to plaintiff's cause of action for libel, nor does the answer contain an allegation that such is the defendant's claim. In fact, the first paragraph of the answer is a general denial of the allegations of the complaint. *People* v. *Dennison,* 84 N. Y. 272; *Rothschild* v. *Whitman,* 132 id. 472; *Hall* v. *Werney,* 18 App. Div. 565, 567 (citing *Green* v. *Parsons,* 27 Wkly. Dig. 544); *Fellerman* v. *Dolan,* 7 Abb. Pr. 395.

The demurrer also challenges the answer in its allegations of the facts alleged as a counterclaim as a partial defense and in mitigation. It seems that two classes of facts may be properly pleaded in mitigation of damages in libel cases, *first,* such as impeach the character of plaintiff; *second,* such as tend to negative the malicious motive of defendant. The truth of the charge; the general bad character or reputation of plaintiff; absence of malice on part of the defendant; belief that the charges are true; all of these are proper allegations in mitigation of damages in actions of this

sort. Provocation by the plaintiff has also been held to be a proper defense in mitigation of damage, as has previous publication by others, rumor and general belief and retraction and apology. 25 Cyc. 417.

But in order that a partial defense by mitigation can be permitted, it must appear that the facts alleged are such that, while not proving the truth of the charge, do yet tend in some appreciable degree toward such proof, and thus permit of an inference that defendant was not actuated by malice in his charge. *Mattice* v. *Wilcox,* 147 N. Y. 624; *Josephson* v. *Musical Courier Co.,* 146 App. Div. 20.

This is a general rule of pleading not changed by section 536 of the Code of Civil Procedure. *Hatfield* v. *Lasher,* 81 N. Y. 246.

Measured by these standards it seems that these facts do not constitute a proper partial defense and that the demurrer in this respect must also be sustained. Nor can they be considered in justification, the truth of the charges being the only allegation proper under such a claim, the law requiring that the justification must be as broad as the charge. *Brush* v. *Blot,* 16 App. Div. 80.

In these respects the demurrer is sustained with ten dollars costs, with the right to the defendant to plead over upon the payment of costs within twenty days from the entry and service of the order.

Ordered accordingly.